694

Jose Ramiro Garza CANTU, Plaintiff–
Counter–Defendant–Appellee,

v.

Billy R. FLANIGAN, Defendant–
Counterclaimant–Appellant,

Unknown, Unnamed Defendant,
Defendant–Third–Party–
Defendant–Appellee,

Does 1–10, Defendant–Appellee,

Martin Flores Chavarria, Jose Cruz
Contreras–Gamboa, Does 1–50, Petrol-
eos Mexicanos, Ruben Choreno Mor-
ales, Noe Manuel Moreno–Alvarez,
Francisco Labastido Ochoa, Carlos A.
Ryerson, Alejo Torres Tufeno, Alfonso
Perez Vasquez, Third–Party–Defen-
dant.

No. 08–0803–cv.

United States Court of Appeals,
Second Circuit.

July 24, 2009.

Michael J. Pérez, Pérez & Wilson LLP, San Diego, Cal. (Suzanne K. Lehman on the brief, Smith, Sovik, Kendrick & Sugnet, P.C., Syracuse, N.Y.), for Plaintiff–Counter–Defendant–Appellee.

Jeremy J. Gaston (Christopher J. Richart, on the brief) Pillsbury Winthrop Shaw Pittman LLP, Houston, TX, for Defendant–Counterclaimant–Appellant.

PRESENT: GUIDO CALABRESI, DEBRA ANN LIVINGSTON, Circuit Judges, Edward R. KORMAN, District Judge.*

## SUMMARY ORDER

Defendant–Appellant Billy R. Flanigan appeals from the judgment of the United States District Court for the Eastern District of New York (Trager, *J.* ). The judgment was entered after a jury trial for $188,000,000 on behalf of the Plaintiff–Appellee, Jose Ramiro Garza Cantu. We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

Flanigan raises many issues in this appeal. All of them except the question of non-economic damages can be addressed by us now summarily.

■ Flanigan challenges both personal jurisdiction and venue. While Flanigan did raise both defenses in his answer, he forfeited them by his subsequent course of conduct in the litigation. *See Hamilton v. Atlas Turner, Inc.,* 197 F.3d 58, 61–62 (2d Cir.1999) (holding that personal jurisdiction defense asserted in answer was forfeited by, *inter alia,* participation in extensive pre-trial proceedings).

In a supplementary brief, Flanigan questions whether the damages awarded to Cantu were proper. This challenge to the damages award did not appear in Flanigan's initial briefing before this court. "Ordinarily, arguments not raised on appeal are deemed abandoned. However, Fed. R.App. P. 2 gives a Court of Appeals the discretion to overlook such failure if a manifest injustice otherwise would result." *United States v. Draper,* 553 F.3d 174, 179 n. 2 (2d Cir.2009) (citation and internal quotation marks omitted); *see* Fed R.App. P. 2 advisory committee notes (1967 adoption). We are more inclined to exercise this discretion to consider issues that have been addressed by the district court and the opposing party. *See Mitchell v. Fishbein,* 377 F.3d 157, 164–65 (2d Cir.2004).

■ Flanigan's argument regarding the proper measure of economic damages was not raised before the District Court. In civil cases, "[w]hen a party has failed to preserve an argument, we will entertain it only if the alleged error is 'fundamental.'" *Shcherbakovskiy v. Da Capo Al Fine, Ltd.,* 490 F.3d 130, 142 (2d Cir.2007) ("An error is fundamental under this standard only if it is so serious and flagrant that it goes to the very integrity of the trial." (internal quotation marks omitted)). "The instances in which we have applied such a stringent standard normally involve trial errors, which implicate the significant policy consideration underlying the need for a timely objection, namely, the avoidance of an unnecessary retrial." *Valdez ex. rel. Donely v. United States,* 518 F.3d 173, 182 (2d Cir.2008). On the facts of this case, we conclude that the jury's award for economic damages was not fundamental error. It is not obvious under New York law that the evidence presented to the jury was in no way probative on the issue of Cantu's

---

* The Honorable Edward R. Korman, Judge of the United States District Court for the Eastern District of New York, sitting by designation.

economic damages. In any case, Cantu was entitled to present a claim to economic damages, and Cantu could no doubt have altered his approach to proving economic damages had Flanigan successfully objected during the trial. Therefore, forcing Cantu to relitigate the economic damages issue as a result of Flanigan's lapse would not enhance the fairness and integrity of the trial proceedings.

■ As for Flanigan's challenge to the non-economic damages award as being excessive, this issue was raised and addressed by the District Court. Ordinarily, a district court's refusal to reduce a damages award is reviewed for abuse of discretion. *See, e.g., Patterson v. Balsamico,* 440 F.3d 104, 120 (2d Cir.2006). The District Court did not, however, give any explanation as to why the non-economic damages award was not excessive. Therefore, we are unable to determine whether the District Court's refusal to reduce the damages award was within its discretion. We are also unable to determine whether a non-economic damages award of $150,000,-000—a figure significantly greater than any previous award for non-economic damages in a defamation case in New York—is so excessive that, notwithstanding Flanigan's delayed briefing of the issue on appeal, our review is warranted to avoid manifest injustice. We by no means exclude the possibility that the District Court acted well within its discretion in affirming a jury verdict of this size; we are simply unable to address the issue on the record before us. For that reason, we ask the District Court to explain its basis for its affirmance of the jury's non-economic damages award. Should the District Court determine on remand that the non-economic damages award ought to be reduced, it has the discretion to do so, but it must here too explain the basis for its decision.

We have considered all the other challenges raised by the defendant, and we find them to be without merit.

The judgment of the District Court is AFFIRMED in part and REMANDED in part to supplement the record regarding the calculation of non-economic damages. The District Court may in its discretion request additional briefing or argument from the parties to assist in this process. This panel will retain jurisdiction over the case pursuant to procedures set forth in *United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994). Jurisdiction may be restored to this court by letter from any party, and the Clerk's Office shall set a briefing schedule and send such proceeding to this panel for disposition without oral argument unless otherwise ordered.