**Linda HAMILTON, individually and as Executrix of the Estate of George Hamilton, Plaintiff–Appellant,**

v.

**ATLAS TURNER, INC., Defendant– Appellee,**

No. 99–7335.

United States Court of Appeals, Second Circuit.

Argued: Oct. 12, 1999.

Decided: Nov. 22, 1999.

---

* I except footnote 7 on burden of proof, 181 F.3d at 327 n.7, an issue no longer addressed

by the panel's majority opinion.

Alani Golanski, New York, N.Y. (Moshe Mainon, Levy, Phillips & Konigsberg, New York, N.Y., on the brief), for plaintiff-appellant.

Roger P. McTiernan, New York, N.Y. (Laurel A. Wedinger, William E. Fay, III, Barry, McTiernan & Moore, New York, N.Y., on the brief), for defendant-appellee.

Before: WINTER, Chief Judge, NEWMAN, Circuit Judge, and KEENAN,* District Judge.

JON O. NEWMAN, Circuit Judge:

This appeal presents the issue whether a defendant in a diversity action waived, or more precisely, forfeited its defense of lack of personal jurisdiction. Plaintiff–Appellant Linda Hamilton appeals from the March 16, 1999, judgment of the District Court for the Southern District of New York (Robert W. Sweet, District Judge), dismissing her complaint against the Defendant–Appellee, Atlas Turner, Inc. ("Atlas"), for lack of personal jurisdiction under New York's long-arm statute, after a jury returned a verdict in her favor. Her lawsuit alleged the wrongful death of her husband from asbestos. We conclude that Atlas forfeited its defense of lack of personal jurisdiction by participating in extensive pretrial proceedings and forgoing numerous opportunities to move to dismiss during the four-year interval that followed its inclusion of the defense in its answer. We therefore reverse and remand for consideration of Atlas's other grounds for resisting entry of judgment in Plaintiff–Appellant's favor.

* Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

## Background

In 1992 and in 1993, George Hamilton was diagnosed with pleural effusion and mesothelioma, respectively. In June 1994, Hamilton filed the instant action in the District Court against, among other defendants, Atlas Turner Inc., a Canadian corporation. The complaint alleged that Atlas was one of the manufacturers of the asbestos products to which Hamilton was exposed from 1959 to 1961 when he worked for the United States Navy as a boilerman. In July 1994, Atlas filed its answer, which included the defense that the Court lacked personal jurisdiction over Atlas. Hamilton died in November 1994, at age 54. In that same month, the Multi-district Litigation Panel ("MDL") transferred this and many other similar actions to the Eastern District of Pennsylvania for pretrial proceedings. In December 1997, more than three years later, the MDL transferred the action back to the Southern District of New York.

In August 1998, Atlas moved to dismiss, arguing that the District Court lacked personal jurisdiction under New York's long-arm statute, *see* N.Y. C.P.L.R. 301–302 (McKinnney 1990). The District Court denied the motion, noting that "discovery is incomplete in this area" and that "the motion may be renewed upon a fuller record." *Hamilton v. AC and S, Inc.*, No. 94 Civ. 4397 RWS, 1998 WL 651049, at \*3 (S.D.N.Y. Sept. 23, 1998). In October 1998, after a trial on the merits, the jury returned a verdict awarding more than $4 million to the Plaintiff–Appellant, the executrix of Hamilton's estate. Atlas again moved to dismiss for lack of personal jurisdiction. This time, the District Court granted the motion, ruling that Atlas had not implicitly waived the issue and that the Plaintiff–Appellant had not established personal jurisdiction under New York's long-arm statute by a preponderance of the evidence. *See Hamilton v. Garlock, Inc.*, 31 F.Supp.2d 351 (S.D.N.Y.1998). On rehearing, the District Court reaffirmed, though on different grounds, its ruling that Hamilton had not established personal jurisdiction. *See Hamilton v. Garlock, Inc.*, No. 94 CIV. 4397(RWS), 1999 WL 135203, at \*5–8 (S.D.N.Y. Mar. 11, 1999).

## Discussion

The District Court's ruling that Atlas did not waive personal jurisdiction is reviewed for abuse of discretion. *See United States v. Ziegler Bolt and Parts Co.*, 111 F.3d 878, 883 (Fed.Cir.1997). It is undisputed that Atlas met the formal requirements of Fed.R.Civ.P. 12(h)(1) by including in its answer the following sentence: "The Court lacks personal jurisdiction over Atlas." However, this Court has ruled that a "delay in challenging personal jurisdiction by motion to dismiss" may result in waiver, "even where ... the defense was asserted in a timely answer." *Datskow v. Teledyne, Inc.*, 899 F.2d 1298, 1303 (2d Cir.1990); *see Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir.1998) ("Rule 12(h)(1) specifies the minimum steps that a party must take in order to preserve a defense."); *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1296–97 (7th Cir.1993) (finding waiver of personal jurisdiction defense by defendant's conduct, though acknowledging that "the waiver provided for by Rule 12(h) did not occur").

In *Datskow*, we held that a defendant waived the defense of improper service by participating in litigation without raising the personal jurisdiction issue until four months after raising the issue in its answer. We noted, however, "[T]his is not a case where a defendant is contesting personal jurisdiction on the ground that long–arm jurisdiction is not available. We would be slower to find waiver by a defendant wishing to contest whether it was obliged to defend in a distant court." *Datskow*, 899 F.2d at 1303. Since Atlas's jurisdictional defense challenges the application of New York's long-arm statute, we approach the waiver issue with the enhanced caution that *Datskow* contemplated.

■ Initially, we note that the issue is more properly considered one of forfeiture than of waiver. The term "waiver" is best reserved for a litigant's intentional relinquishment of a known right. Where a litigant's action or inaction is deemed to incur the consequence of loss of a right, or, as here, a defense, the term "forfeiture" is more appropriate. *See United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) ("Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'"(quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938))); *Swaim v. Moltan Co.*, 73 F.3d 711, 718 & n. 4 (7th Cir.1996) (personal jurisdiction "forfeited" if not timely asserted). Also as a preliminary matter, we observe that whether forfeiture has occurred is a matter of federal procedural law, *see Yeldell v. Tutt*, 913 F.2d 533, 538–39 (8th Cir.1990); Atlas gains no support from somewhat lenient New York law concerning forfeiture of a personal jurisdiction defense. *See Calloway v. National Services Industries, Inc.*, 93 A.D.2d 734, 735, 461 N.Y.S.2d 280, 282 (1st Dep't) (faulting *plaintiff* for not promptly moving to strike defendant's defense, which was included in answer but not pursued for six years), *aff'd*, 60 N.Y.2d 906, 470 N.Y.S.2d 583, 458 N.E.2d 1260 (1983).

In assessing whether forfeiture in this case not only occurred but was so clear that the District Judge exceeded his allowable discretion in ruling that forfeiture had not occurred, we consider all of the relevant circumstances. We start with the considerable length of time—four years—between the assertion of the defense in the answer and the litigation of the defense in a motion. Although the passage of time alone is generally not sufficient to indicate forfeiture of a procedural right, *see, e.g., PPG Industries, Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103, 108 (2d Cir.1997) (delay in demanding arbitration); *Grammenos v. Lemos*, 457 F.2d 1067, 1071 (2d Cir.1972) (delay in making effective service), the time period provides the context in which to assess the significance of the defendant's conduct, both the litigation activity that occurred and the opportunities to litigate the jurisdictional issue that were forgone. *See Peterson*, 140 F.3d at 1318 ("Most defenses, including the defense of lack of personal jurisdiction, may be waived as a result of the course of conduct pursued by a party during litigation.").

Considerable pretrial activity occurred in this case. From July to November 1994, prior to the MDL transfer, some discovery took place, including the deposition of Plaintiff–Appellant's decedent. Moreover, considerable activity occurred in the transferee jurisdiction, including merits discovery and settlement conferences. Most significantly, Atlas had four distinct opportunities to move to dismiss during the four-year interval.

First, Atlas could have moved during the five months prior to the MDL transfer. Though such a motion would likely have encountered the Plaintiff–Appellant's demand for discovery on the jurisdictional issue, the motion would have served to precipitate such discovery and led to a discovery deadline and a prompt resolution of the issue.

Second, when the prospect of an MDL transfer arose, Atlas could have objected on jurisdictional grounds to including this case, or at least sought to defer its inclusion in the transfer until the jurisdictional issue was resolved. Instead, Atlas joined with other defendants in asking the MDL to effect the transfer. *Cf. Lomaglio Associates, Inc. v. LBK Marketing Corp.*, 876 F.Supp. 41, 43–44 (S.D.N.Y.1995) (defendant's invoking authority of district court by removal petition deemed sufficient to forfeit personal jurisdiction defense).

Third, during the three years that this and similar cases were pending before the MDL, Atlas could have raised its jurisdictional challenge before the transferee court. Congress provided for the transfer

of actions pending in different districts "to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). The MDL panel itself has construed the term "pretrial proceedings" to include a motion to dismiss for lack of personal jurisdiction. *See In re Gypsum Wallboard,* 302 F.Supp. 794, 794 (J.P.M.L. 1969) (rejecting opposition to transfer based on alleged lack of personal jurisdiction of the transferor court, because "[m]otions to ... dismiss for lack of jurisdiction are being routinely considered by courts to which multidistrict litigation has previously been transferred and we see no good reason why [the defendant] can not pursue its remedies following transfer") (footnotes omitted); *cf. In re "Agent Orange" Product Liability Litigation,* 996 F.2d 1425, 1435 (2d Cir.1993) (noting that "the transferee judge has all the pretrial jurisdiction the transferor judge would have had if the transfer had not occurred"); *Stirling v. Chemical Bank,* 382 F.Supp. 1146, 1150 (S.D.N.Y.1974) (adjudicating, as transferee court, defendants' motions to dismiss for lack of subject matter jurisdiction and failure to state a claim), *aff'd,* 516 F.2d 1396 (2d Cir.1975). *See generally* 15 Charles A. Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice and Procedure* § 3866 (2d ed. Supp.1999) ("Transferee courts have ruled on a wide range of preliminary legal and factual questions, such as motions to amend under Rule 15; motions to intervene under Rule 24; motions to dismiss for lack of jurisdiction, venue, or failure to state a claim; and motions for summary judgment.") (footnotes omitted). Moreover, the terms of the transfer order in this case did not limit the broad authority of the transferee court over "pretrial proceedings." At no time during the three years this case was in the transferee court did Atlas move to dismiss for lack of personal jurisdiction, not even when the Eastern District of Pennsylvania considered transferring this action back to the Southern District of New York.

Finally, Atlas could have raised the personal jurisdiction issue promptly after this action was returned to the Southern District of New York in December 1997. In late March 1998, Atlas opposed the Plaintiff–Appellant's motion to consolidate this case with six other cases then recently transferred from the Eastern District of Pennsylvania. In April 1998, the District Court set a preliminary trial date for mid-June 1988. Neither of these events prompted Atlas to move to dismiss. Its motion was not filed until August 1998, seven months after the case returned to the Southern District of New York.

In sum, Atlas participated in pretrial proceedings but never moved to dismiss for lack of personal jurisdiction despite several clear opportunities to do so during the four-year interval after filing its answer. These circumstances establish a forfeiture. *See Neirbo Co. v. Bethlehem Shipbuilding Corp.,* 308 U.S. 165, 168, 60 S.Ct. 153, 84 L.Ed. 167 (1939) (personal jurisdiction defense "may be lost by failure to assert it seasonably"); *Continental Bank, N.A.,* 10 F.3d at 1297 (personal jurisdiction defense lost where defendants "participated in lengthy discovery, filed various motions and opposed a number of motions" and "fully participated in litigation of the merits for over two-and-a-half years without actively contesting personal jurisdiction").

At oral argument, Atlas contended that it did not move to dismiss on personal jurisdiction grounds until August 1998, because if it had, the plaintiff would simply have argued that discovery was not yet complete. However, Atlas never gave the Eastern District of Pennsylvania the opportunity to consider such an objection or to respond to it by setting a discovery deadline. By withholding its motion, Atlas gambled that it could raise the personal jurisdiction issue on the eve of trial, in case a trial occurred. After considering all the circumstances of this case, we conclude not only that Atlas forfeited its personal jurisdiction defense, but also that this is the rare case where a district judge's con-

trary ruling exceeds the bounds of allowable discretion. Accordingly, the judgment is reversed, and the case remanded to afford the District Court an opportunity to consider Atlas's other challenges to entry of judgment on the verdict.