**CORIUM CORPORATION, Plaintiff,**

v.

**M.V. MSC SHANGHAI, her engines, boilers, etc., M.V. MSC Monica, her engines, boilers, etc., Mediterranean Shipping Company S.A., Melway Bay Shipping Co. Ltd. and Schiffahrts–Gesellschaft "Hansa Europe" MbH & Co. KG, Defendants.**

**No. 98 CIV.6701 MBM.**

United States District Court, S.D. New York.

Jan. 18, 2002.

James F. Sweeney, Esq., Nicoletti Hornig & Sweeney, New York City, for Plaintiff.

Vincent M. De Orchis, Esq., John A. Orzel, Esq., Joseph J. Perrone, Esq., De Orchis, Walker & Corsa, New York City, for Defendant "Hansa Europe".

## OPINION AND ORDER

MUKASEY, District Judge.

Following a hearing on October 25, 2001, the court on December 11, 2001 read a decision from the bench finding that defendant Schiffahrts–Gesellschaft "Hansa Europe" MbH & Co. KG, had forfeited its right to assert lack of personal jurisdiction in this case.

The personal jurisdiction issue arose in connection with that defendant's motion pursuant to Fed.R.Civ.P. 60(b)(4) and 60(b)(6) to set aside a default judgment entered against it on April 22, 1999, in favor of plaintiff, Corium Corporation, for more than $90,000. That judgment judgment yielded a payment of $93,394.24 under the circumstances described in the opinion delivered from the bench. Although familiarity with that opinion is assumed for current purposes, it bears mention that the forfeiture of the jurisdictional defense resulted from defendant's conduct after plaintiff arrested defendant's vessel in New Orleans pursuant to the default judgment. At that time, defendant failed to notify plaintiff that it reserved any rights, or to seek the court's assistance, when it promised to pay the full amount of plaintiff's judgment, plus costs and interest, in order to secure release of the vessel. The following day, when Hansa Europe delivered payment, it did so in a letter replete with reservation of rights, including the defense of lack of personal jurisdiction.

After the court found Hansa Europe estopped to assert lack of personal jurisdiction, that defendant urged that in any event, this case is governed by the $500–per–package limitation set forth in the Carriage of Goods by Sea Act ("COGSA"), at 46 App.U.S.C. § 1304(5), which reads in pertinent part as follows:

> Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package ... unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading.

That section also provides that, "In no event shall the carrier be liable for more

than the amount of damage actually sustained." It is not disputed that we are dealing with loss of one of two COGSA packages and that the bill of lading contains no declaration of value, nor does plaintiff claim that it paid any *ad valorem* freight for value in excess of $500.

■ The parties were asked to brief the applicability of the cited COGSA provisions. The parties have briefed essentially two issues: first, whether that limitation is in the nature of a defense or in the nature of a limitation on damages; and second, whether Hansa Europe has waived reliance on the package limitation. Just as they did before, neither party has discussed the issue forfeiture or estoppel.

As to the first issue, I find persuasive and agree with Judge Haight's reasoning in *Owatonna Tool Co. v. Pan American Container Corp.*, 84 Civ. 8736, 1985 WL 1319 (S.D.N.Y. May 9, 1985), where he found that the package limitation could be asserted in connection with a motion to vacate a default judgment, notwithstanding that defendant did not have a meritorious defense as to liability. That is, he distinguished between a limitation of damages and a defense to liability. *Id.* at *3.

■ The issue of waiver is not really to the point here, because, as pointed out in the opinion from the bench, a waiver is an intentional relinquishment or abandonment of a known right, and that is simply not what happened here. *See Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61 (2d Cir.1999). Although in the opinion from the bench I articulated the issue as one of estoppel, the term "forfeiture" would appear more correct. "Where a litigant's action or inaction is deemed to incur the consequence of loss of a right, or, as here, a defense, the term 'forfeiture' is more appropriate." *Id.* Whatever the correct term, the issue here is whether Hansa Europe's simple failure to answer, or its failure to mention the COGSA $500–per–package limitation at the time it secured the release of the vessel, or to seek the court's assistance in the event it was unable to obtain plaintiff's consent to such release, should result in a forfeiture of that limitation. For the reasons summarized below, I believe it should not.

First, although the defense of lack of personal jurisdiction is waived if not included in an answer or a dismissal motion, *see* Fed.R.Civ.P. 12(h), COGSA speaks in mandatory terms of the package limitation—"[n]either the carrier nor the ship shall in any event be or become liable ... in an amount exceeding $500 per package." Such language indicates a strong Congressional policy in favor of limiting recoverable damages when no value has been declared. Indeed, that policy is so strong that courts do not permit more than one $500 recovery in cases where the limitation applies, regardless of the number of potential defendants. Thus, a plaintiff can recover $500 once for each package, from one defendant, not $500 per package from each of multiple defendants. *See Thyssen, Inc. v. S/S Eurounity*, 21 F.3d 533, 540–41 (2d Cir.1994), and authority cited therein. In fact, plaintiff has already recovered the COGSA $500 package limit once in this case—from defendant Mediterranean Shipping Co., Ltd.

To be sure, a carrier can forfeit the right to the package limitation by certain conduct relating to its underlying obligation to carry the shipper's goods, such as unreasonable deviation from the contract of carriage, *see General Elec. Co. Intern. Sales Div. v. S.S. Nancy Lykes*, 706 F.2d 80, 86–87 (2d Cir.1983), but no such conduct is alleged to have occurred here.

In addition, unlike the issue of personal jurisdiction, the applicability of the $500–

per–package limitation usually is easily determined. It certainly is in this case. Had Hansa Europe sought relief from the court at the time of the arrest, there is no doubt that the issue would have come out its way. Hansa Europe's failure to do so at that time did not prejudice plaintiff. To find a forfeiture here would simply confer a windfall on plaintiff, based on no culpable or prejudicial conduct by Hansa Europe.

For the above reasons, Hansa Europe has not forfeited its right to rely on the $500–per–package limitation. In view of plaintiff's prior recovery from defendant Mediterranean Shipping Co., it has no remaining claim against Hansa Europe. Judgment therefore must be entered for defendant Hansa Europe, and plaintiff is directed to remit the sum previously paid in satisfaction of the default judgment. Settle order on ten days' notice.

SO ORDERED.