**RUSSO SECURITIES, INC.,**
Plaintiff–Appellee,

v.

**Lawrence G. RYCKMAN and J. Elaine Ryckman, Defendants–Cross–Claimants–Appellants,**

**Anstalt Alparco, Defendant–Cross–Defendant,**

**Ryckman Financial Corp., Defendant–Cross–Claimant,**

**James Bryce Munholland and Engalbert Schreiber, Defendants.**

Nos. 04–6201(L), 04–6257(CON).

United States Court of Appeals, Second Circuit.

Dec. 15, 2005.

Edward J. Guardaro, Jr., Bartlett, McDonough, Bastone & Monaghan, LLP, White Plains, NY, for Appellant, Lawrence G. Ryckman.

William S. Gyves, Entwistle & Cappucci LLP, New York, NY, for Appellant J. Elaine Ryckman.

Charles B. Manuel, Jr., Manuel & Jones, PC, New York, NY, for Appellee.

Present: Hon. Richard J. CARDAMONE, Hon. Robert D. SACK, Circuit Judges, and Hon. Richard C. CASEY, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment be, and it hereby is, AFFIRMED.

■ Elaine Ryckman has waived her objections to personal jurisdiction. *See Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 60 (2d Cir.1999), *cert. denied*, 530 U.S. 1244, 120 S.Ct. 2691, 147 L.Ed.2d 962 (2000). Even if we excused her failure to contest personal jurisdiction during the first eight years of litigation, Mrs. Ryckman was fully represented by counsel in her most recent proceedings in the district court, and she still failed to raise an objection to personal jurisdiction over her.

■ The district court did not abuse its discretion in dismissing Lawrence Ryckman's cross-claim against Alparco. There is no merit to Ryckman's argument that he should be excused from diligently pursuing a cross-claim which was filed by his lawyer on his behalf because he did not know about it. In any event, where, as here, a party does not attempt service of process on a foreign defendant such as Alparco, related claims may be dismissed pursuant to the 120–day time limit established by Federal Rule of Civil Procedure 4(m), and the exception for service of process for foreign entities is "inapplicable." *See Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir.1985).

* The Honorable Richard C. Casey, United States District Judge for the Southern District

In light of the dismissal of Lawrence Ryckman's cross claim, we think that there can no longer be any dispute that the district court's judgment against the Ryckmans is final and executable.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.