**SUNRISE MEDICAL HHG, INC.,**
Plaintiff–Appellee,

v.

**HEALTH FOCUS OF NEW YORK and Anthony Anderson, Defendants–Appellants.**

No. 06–5889–cv.

United States Court of Appeals, Second Circuit.

May 23, 2008.

Eduardo J. Glas, McCarter & English, LLP, New York, NY, for Appellee.

Theodore S. Kantor, Bilgore, Reich, Levine & Kantor, Rochester, NY, for Appellant, Anthony Anderson.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER, Circuit Judge, and Hon. THOMAS J. McAVOY, District Judge.[1]

### SUMMARY ORDER

Defendant–Appellant Anthony Anderson appeals from an order granting summary judgment to Plaintiff–Appellee Sunrise Medical HHG, Inc. ("Sunrise") entered in the United States District Court for the Northern District of New York (Munson, J.) on November 21, 2006. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Anderson argues that the district court erred in granting summary judgment to Sunrise because [1] the court lacked personal jurisdiction over him; [2] venue was improper; [3] the court erroneously applied New York law; [4] the agreements are ambiguous; and [5] defendants are entitled to a setoff.

We review de novo a grant of summary judgment. Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232, 235 (2d Cir. 1998). In doing so, we construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is appropriate only where "there is no genuine issue as to any material fact and ... the [moving party] is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

■ Anderson argues that the district court lacked personal jurisdiction over him; but he failed to develop this defense below, see Hamilton v. Atlas Turner, Inc.,

197 F.3d 58, 60–62 (2d Cir.1999), and failed to argue it on appeal. As such, it is forfeited. Id. at 62.

■ Anderson challenges venue on the ground that a forum selection clause placed exclusive venue in Colorado. Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); Jones v. Weibrecht, 901 F.2d 17, 18–19 (2d Cir.1990) (ruling that in diversity cases federal law governs the enforcement of forum selection clauses). However, neither Anderson nor Health Focus of N.Y. ("Health Focus") moved in the district court to transfer the action pursuant to 28 U.S.C. § 1404(a). True, "[a]n action may be transferred under § 1404(a) ... after judgment has been entered"; but "[o]nce transferred, the action retains its procedural identity." Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir.1991). It would therefore waste judicial resources to direct the district court to transfer this action to the district court in Colorado. We reject Anderson's untimely challenge to venue.

■ Anderson asserts that the district court should have applied Arizona law, under which (it is claimed) Anderson's assets are beyond the reach of a judgment creditor because his wife did not sign the relevant guaranties. However, Arizona law does not provide a defense to Anderson's personal liability under the guaranties; it provides only that the guaranties cannot be enforced against Anderson's wife or their community property. See Consol. Roofing & Supply Co., Inc. v. Grimm, 140 Ariz. 452, 682 P.2d 457, 463 (1984) (holding

1. The Honorable Thomas J. McAvoy of the United States District Court for the Northern District of New York, sitting by designation.

82

that although a husband's guaranty does not bind the community property, the husband's "separate estate is, of course, liable on the guaranty").

■ Anderson's argument that the agreements are ambiguous is forfeited because neither defendant raised this argument below. *See Capital Ventures Int'l v. Repub. of Argentina,* 443 F.3d 214, 218 (2d Cir.2006).

■ Finally, Anderson's claim of setoff is forfeited because "[u]nder the Federal Rules of Civil Procedure, a defendant's claim of setoff against a plaintiff is to be made by means of counterclaim in its answer to the complaint." *Valley Disposal Inc. v. Cent. Vermont Solid Waste Mgmt. Dist.,* 113 F.3d 357, 364 (2d Cir.1997). Defendants failed to file a counterclaim in the district court: the purported "Amended Answer and Counterclaims" was never actually filed. Therefore, the district court properly rejected Anderson's setoff claim.

We have reviewed Anderson's remaining claims and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**