08-1491-cv
Prime 4 Ventures, Inc. v. Creative Concepts of America, Inc.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of January, two thousand ten.

PRESENT:   PIERRE N. LEVAL,
                     PETER W. HALL,
                     DEBRA ANN LIVINGSTON,
                                         *Circuit Judges.*

_____

Prime 4 Ventures, Inc.,

                                         *Plaintiff-Appellant*,

                     v.                                                        No. 08-1491-cv

Creative Concepts of America, Inc.,

                                         *Defendant-Appellee*,

Red Bull, Inc., Red Bull of North America, Inc.,

                                         *Defendants*.

_____

For Appellant:          EUGENE F. HABER (MELANIE I. WIENER, *on the brief*), Cobert, Haber & Haber, Garden City, N.Y.

For Appellees:         IN ABSENTIA

Appeal from the March 6, 2008, judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*), dismissing the action as to Defendant-Appellee pursuant to Federal Rule of Civil Procedure 4(m), and the district court's March 28, 2008, order denying Plaintiff-Appellant's motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(2) and (6). **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Prime 4 Ventures, Inc. ("Prime 4") appeals from an order of the U.S. District Court for the Southern District of New York denying its motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(2) and (6). We review a district court's denial of a motion to vacate a judgment under Rule 60(b) for abuse of discretion. *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). We assume the parties' familiarity with the factual and procedural history of this case and with the issues raised on appeal.

In 2007, Prime 4 instituted this action against Creative Concepts of America, Inc. ("Creative Concepts") and Red Bull, Inc. ("Red Bull") in the New York Supreme Court, New York County, alleging, *inter alia*, breach of contract.[1] Prime 4 contends that it timely served both defendants in accordance with New York state law.

Thereafter, Red Bull filed a notice of removal with the U.S. District Court for the Southern District of New York. Once in district court, Red Bull filed a Rule 12(b)(6) motion to dismiss Prime 4's amended complaint for failure to state a claim. In its order granting Red Bull's motion, the district court also ruled that "[a]s more than 120 days have passed since the

---

[1]Prime 4's appeal with respect to Red Bull ended when we granted Red Bull's motion for summary affirmance in a July 23, 2009 order.

commencement of the action and no proof of service on [Creative Concepts] has been filed, the action is dismissed as to [Creative Concepts] without prejudice as to that defendant pursuant to Fed. R. Civ. P. 4(m)." Upon dismissal of the complaint, Prime 4 moved for relief from judgment under Rule 60(b)(2) and (6). In that motion, Prime 4 explained its basis for contending that the claims against Red Bull should not have been dismissed, but it did not argue that the court's imposition of Rule 4(m) was in error. The district court denied Prime 4's motion without oral argument.

Prime 4 now contends that, at the time the district court heard the motion to dismiss, the court did have proof that Prime 4 had properly served Creative Concepts in the New York state proceedings. It claims that Red Bull had attached copies of the filed affidavits of service covering both Red Bull and Creative Concepts as Exhibit "B" to the notice of removal that was filed in the district court. That contention is incorrect, however, because only the affidavit of service with respect to Red Bull was attached to the notice of removal.

Prime 4 also includes the New York state affidavit of service on Creative Concepts in the appellate record that is before us, but it proffers no evidence that this affidavit was presented to the district court at any time before it filed its motion for reconsideration. Because Prime 4 did not demonstrate to the district court that it had properly served Creative Concepts, and because Prime 4 failed to argue in its Rule 60(b) motion that the court erred in dismissing the suit against Creative Concepts based upon Rule 4(m), Prime 4 has forfeited its opportunity to challenge the dismissal. *See, e.g.*, *United States v. Quinones*, 511 F.3d 289, 321 n.21 (2d Cir. 2007) (noting that "the failure timely to assert a claim results . . . in [a] forfeiture of that claim"); *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61-62 (2d Cir. 1999) (holding that defendant forfeited lack of

3

personal jurisdiction defense by failing to contest personal jurisdiction "despite several clear opportunities to do so."). [2]

**CONCLUSION**

For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] We note notwithstanding that oral argument before this Court was scheduled for December 10, 2009 and notice thereof was sent to Prime 4, it opted not to appear for oral argument. In so doing, Prime 4 gave up its opportunity to explain why it had not forfeited its right to challenge the dismissal.

4