09-3975-cv
Barkley v. Penn Yan Cent. Sch. Dist.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of September, two thousand eleven.

PRESENT:     DEBRA ANN LIVINGSTON,
             DENNY CHIN,
             RAYMOND J. LOHIER, JR.,
                         *Circuit Judges*.

_____

BONNIE BARKLEY,
             *Plaintiff-Appellant*,

-v.-                                        No. 09-3975-cv

PENN YAN CENTRAL SCHOOL DISTRICT,
             *Defendant-Appellee*.

_____

Bonnie Barkley, *pro se*, Penn Yan, New York.

Frank W. Miller, The Law Firm of Frank W. Miller, East Syracuse, New York, *for Defendant-Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant Bonnie Barkley ("Barkley" or "Appellant"), *pro se*, appeals from a

judgment of the United States District Court for the Western District of New York (Telesca, *J.*), entered August 26, 2009, granting summary judgment for Defendant-Appellee Penn Yan Central School District ("the School District" or "Appellee") as to Barkley's claims of retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. EXEC. LAW § 296 (McKinney 2010). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented on appeal.

We review a district court's grant of summary judgment *de novo*, and "will uphold the judgment only if the evidence, viewed in the light most favorable to the party against whom it is entered, demonstrates that there are no genuine issues of material fact and that the judgment was warranted as a matter of law." *Molinari v. Bloomberg*, 564 F.3d 587, 595 (2d Cir. 2009) (internal quotation marks omitted). Although "the burden is upon the moving party to demonstrate that no genuine issue respecting any material fact exists," *Gallo v. Prudential Residential Servs., Ltd. P'Ship*, 22 F.3d 1219, 1223 (2d Cir. 1994), the non-moving party nonetheless must "come forward with specific facts showing that there is a genuine issue of material fact for trial," *Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003). "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." *Id.* (internal quotation marks omitted; alteration in original); *see also Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002) (noting that "reliance upon conclusory statements or mere allegations is not sufficient" at this stage).

In addressing a motion for summary judgment as to employment discrimination claims, "[a] trial court must be cautious about granting summary judgment to an employer when . . . its intent is in issue," and "affidavits and depositions must be carefully scrutinized for circumstantial proof

which, if believed, would show discrimination." *Gallo*, 22 F.3d at 1224. Nevertheless, "[s]ummary judgment is appropriate even in discrimination cases, for . . . the salutary purposes of summary judgment—avoiding protracted, expensive and harassing trials—apply no less to discrimination cases than to other areas of litigation." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (internal quotation marks and alteration omitted); *see also Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001) ("It is now beyond cavil that summary judgment may be appropriate even in the fact-intensive context of discrimination cases.").

Retaliation claims brought pursuant to Title VII and the NYSHRL are analyzed under the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). *See Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010); *see also Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 565 n.1 (2d Cir. 2000) (observing that "[o]ur consideration of claims brought under the state . . . human rights laws parallels the analysis used in Title VII claims"). A plaintiff alleging retaliation in violation of Title VII must first establish a *prima facie* case of discrimination, by demonstrating that "(1) she was engaged in an activity protected under Title VII; (2) the employer was aware of plaintiff's participation in the protected activity; (3) the employer took adverse action against plaintiff; and (4) a causal connection existed between the plaintiff's protected activity and the adverse action taken by the employer." *Mack v. Otis Elevator Co.*, 326 F.3d 116, 129 (2d Cir. 2003) (internal quotation marks omitted). If the plaintiff succeeds in establishing a *prima facie* showing of discrimination, then the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802. The defendant "must clearly set forth, through the introduction of admissible evidence, reasons for its actions which, *if believed by the trier of fact*,

3

would support a finding that unlawful discrimination was not the cause of the employment action." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993) (internal quotation marks omitted; emphasis in original).

Finally, once the defendant proffers a legitimate, nondiscriminatory reason for the challenged action, "the presumption of discrimination arising with the establishment of the *prima facie* case drops from the picture." *Weinstock*, 224 F.3d at 42. The burden then shifts back to the plaintiff to "come forward with evidence that the defendant's proffered, non-discriminatory reason is a mere pretext for actual discrimination." *Id.* This requires the plaintiff to produce "not simply some evidence, but sufficient evidence to support a rational finding that the legitimate, nondiscriminatory reasons proffered by the employer were false, and that more likely than not discrimination was the real reason" for the challenged action. *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996) (internal quotation marks and alteration omitted) (requiring that a plaintiff produce something more "than conclusory allegations"). Moreover, "a reason cannot be proved to be 'a pretext for *discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *Hicks*, 509 U.S. at 515 (emphasis in original).

As an initial matter, Barkley, proceeding through counsel, conceded in the district court that her NYSHRL claims are barred by the applicable three-year statute of limitations, *see* N.Y. C.P.L.R. 214(2) (McKinney 2003) (three-year limitations period for NYSHRL claims); *see also* Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J., 6:05-cv-06492, Dkt. No. 32:9 at 6-7 (W.D.N.Y. Jan. 22, 2009) (conceding that "Plaintiff is outside of the three (3) year statute of limitations under the NYSHRL" and "[t]herefore, Plaintiff's claims under the NYSHRL should be dismissed"), and the district court dismissed her NYSHRL claims on this basis. To the extent that Barkley attempts to

4

argue otherwise on appeal, we consider any such arguments waived and decline to entertain them. *Cf. Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61 (2d Cir. 1999) (observing that an argument may be deemed waived where the litigant's actions demonstrate the "intentional relinquishment of a known right"); *see also In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks omitted)).[1]

Similarly, to the extent that Barkley asserts on appeal that she was subject to an "ongoing continuing pattern and practice of job discrimination" involving alleged instances of discrimination occurring prior to those alleged in her 2002 complaint to the New York State Division of Human Rights ("DHR"), we find that such arguments are precluded by her concession in the district court that such claims, though not actionable, could be considered merely as "admissible background evidence." Pl.'s Mem. of Law, *supra*, at 9-10. In any event, the record does not support a finding that Barkley was subject to a "continuing violation" of her rights under Title VII, and the district court correctly dismissed any claims based upon events other than those detailed in her 2002 complaint to DHR. *See, e.g.*, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."); *see also Lambert v. Genesee Hosp.*, 10 F.3d 46, 53 (2d Cir. 1993) ("[M]ultiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation."), *abrogated on other grounds by*

---

[1] In any event, Barkley's NYSHRL claims fail for the same reasons as detailed below regarding her Title VII claims. Moreover, for similar reasons, we decline to consider Appellant's argument that she received inadequate representation of counsel, since any arguments in this regard were not presented to the district court. *See In re Nortel*, 539 F.3d at 132.

*Kasten v. Saint-Gobain Performance Plastics Corp.*, 132 S. Ct. 1325 (2011).

As for Barkley's surviving claims of retaliation in violation of Title VII—those concerning the acts of retaliation as alleged in her 2002 complaint to DHR—we conclude that the district court did not err in granting summary judgment for the School District.[2] As the district court correctly concluded, Barkley has fallen short of her burden of demonstrating a *prima facie* case of discrimination. Assuming, for the sake of argument, that Barkley has established the first three elements of a *prima facie* showing, discussed above, the record is devoid of evidence that "a causal connection existed between the plaintiff's protected activity and the adverse action taken by the employer." *Mack*, 326 F.3d at 129. Proof of such causation may be demonstrated either indirectly, "by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct," or directly, "through evidence of retaliatory animus directed against the plaintiff by the defendant." *Gordon v. N.Y.C. Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000). Here, however, Barkley has failed to demonstrate causation, either directly or indirectly. The decision not to retain Barkley's services as a substitute teacher was not made until May 30, 2002—more than eleven months following her latest prior complaint to DHR. *Cf. Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (observing that "[t]he cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be very close" (internal quotation marks omitted)). Nor has Barkley presented sufficient

---

[2] Given our conclusion that Barkley's surviving Title VII claims fail on the merits, we need not address the School District's argument that these claims are barred by principles of *res judicata* or collateral estoppel.

6

circumstantial evidence of retaliatory animus, such as through disparate treatment of similarly-situated fellow employees. Under such circumstances, the district court appropriately concluded that Barkley failed to make a *prima facie* showing of discrimination.

In any event, the district court also correctly concluded that the School District proffered a legitimate, non-discriminatory reason for its failure to retain Barkley as a substitute teacher, and Barkley has failed to demonstrate that this proffered reason is mere pretext. The record reveals ample evidence that members of the Board of Education were concerned about Barkley's erratic, and sometimes aggressive, behavior. In opposition, Barkley points only to materials that either (1) comprise inadmissible hearsay or are not based on the personal knowledge of the affiant, in contravention of Federal Rule of Civil Procedure 56, or (2) are conclusory in nature. *See, e.g.*, Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); *see also Beyah v. Coughlin*, 789 F.2d 986, 989 (2d Cir. 1986) (noting that "[t]his requirement means that hearsay testimony . . . that would not be admissible if testified to at trial may not properly be set forth in the Rule 56(e) affidavit" (internal quotation marks and alterations omitted)). Contrary to Barkley's assertions on appeal, the record amply supports the School District's contention that Barkley was not retained as a substitute teacher due to personality and compatibility issues, rather than as a result of her 2001 DHR complaint, and Barkley's conclusory allegations to the contrary are insufficient to survive summary judgment. *See Van Zant*, 80 F.3d at 714 (requiring that a plaintiff seeking to demonstrate pretext produce something more "than conclusory allegations"). Under such circumstances, the district court did not err in granting summary judgment for the School District.

7

We have considered all of Plaintiff-Appellant's remaining arguments and find them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.  In addition, as we have our completed our review of this case, it is hereby **ORDERED** that Plaintiff-Appellant's motion for leave to file her reply brief out of time and Defendant-Appellee's motion to strike that reply as untimely are **DENIED** as moot, as are Plaintiff-Appellant's motions for (1) an extension of time to seek oral argument and (2) remand of the case to the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk