11-766-cv
*Dominguez v. United States*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13ᵗʰ day of March, two thousand and twelve.

PRESENT: BARRINGTON D. PARKER,
RICHARD C. WESLEY,
*Circuit Judges.*
SIDNEY H. STEIN,*
*District Judge.*

_____

JEREMIAH DOMINGUEZ, an infant, by his mother and natural guardian Cynthia Dominguez, CYNTHIA DOMINGUEZ, individually,

*Plaintiffs-Appellants,*

-v.-                                11-766-cv

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

_____

FOR APPELLANTS:    LISA M. COMEAU (Michael B. Ronemus,

*Judge Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

Ronald Podolsky, *on the brief*), Ronemus & Vilensky, LLP, New York, NY.

FOR APPELLEE: CRISTINE IRVIN PHILLIPS, Assistant United States Attorney (Neil M. Corwin, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York be **AFFIRMED.**

Plaintiffs-Appellants appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*), dismissing their suit on the grounds that it was untimely under the two-year statute of limitations set forth in the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 2401(b). We assume the parties' familiarity with the underlying facts and procedural history.

Although the parties raised some question as to whether the statute of limitations in the FTCA is jurisdictional, we need not address the issue here because it does not affect our decision. Under the FTCA, "[t]he diligence-discovery rule sets the accrual date at the time when, with reasonable

2

diligence, the plaintiff has or . . . should have discovered the critical facts of both his injury and its cause." *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 140 (2d Cir. 2011) (internal quotation marks and citations omitted); *Valdez ex rel. Donely v. United States*, 518 F.3d 173, 177 (2d Cir. 2008). In this case, the district court held a hearing during which it heard testimony and argument. The court found that Plaintiffs-Appellants were aware of the critical facts of the injury and of the possibility of iatrogenic harm shortly after Jeremiah Dominguez's birth.

The court's findings that Plaintiffs were aware of the critical facts of the injury and of a possible iatrogenic harm prior to February 12, 2007 were not clearly erroneous. In addition, Plaintiffs forfeited any argument that equitable tolling applies. *See Raniola v. Bratton*, 243 F.3d 610, 613 n.1 (2d Cir. 2001); *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61-62 (2d Cir. 1999). We therefore affirm the court's dismissal of the complaint pursuant to the FTCA's statute of limitations.

Because we affirm the district court's dismissal of Appellants' suit, their motion for summary reversal is hereby **DENIED.**

3

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk