Peter **SCHWARTZ**

v.

**M/V GULF SUPPLIER, et al.**

No. Civ.A.G–99–729.

United States District Court,
S.D. Texas,
Galveston Division.

Oct. 13, 2000.

Ronald L White, White Mackillop et al, Houston, TX, for Ron White, mediator.

Michael P Doyle, Cook and Butler, Houston, TX, Richard Lee Melancon, Melancon and Hogue, Friendswood, TX, for Peter Schwartz.

Michael Don Williams, Brown Sims Wise & White, Houston, TX, for Offshore Express Inc, Offshore Specialty Fabricators, Inc., International Marine, Inc., Petro-Tech Peruana SA.

Timothy A Beeton, Simpson Beeton et al, Galveston, TX, Michael Don Williams, Brown Sims Wise & White, Houston, TX, for McAllister Towing & Transportation Co Inc.

J Michael Ezzell, Ball & Weed, San Antonio, TX, for Geo Marine Ltd.

John W Belk, Sheiness Scott et al, Houston, TX, J Michael Ezzell, Ball & Weed, San Antonio, TX, Howard Breindel, Breindel & Ferstendig, New York City, for Seistech Offshore.

## ORDER DENYING DEFENDANT SEISTECH OFFSHORE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

KENT, District Judge.

This is an admiralty case in tort alleging negligence, unseaworthiness of a vessel, failure to provide a safe place to work, failure to provide longshore/harborworkers' compensation coverage, and gross negligence.

Now before the Court is Defendant Seistech Offshore's Motion To Dismiss For Lack Of Personal Jurisdiction, filed on August 24, 2000. For the reasons set forth below, Defendant's Motion To Dismiss for Lack of Personal Jurisdiction is **DENIED**.

### I. FACTUAL SUMMARY

Plaintiff, Peter Schwartz, and Defendant Seistech Offshore ("Seistech") are both residents of England. Plaintiff, along with approximately fourteen other employees, was recruited by Seistech to work as a seismic gun mechanic in Texas. During such work, Plaintiff was injured on December 4, 1997 in Ingleside, Texas. The accident occurred during the outfitting and rigging of the M/V GULF SUPPLIER. Seistech hired Plaintiff, as a "subcontractor," on September 8, 1997. The contract between Plaintiff and Seistech obligated Seistech to provide Plaintiff with private medical insurance for the duration of the contract and warranted that Seistech carried Employer's Liability Insurance. Under such medical insurance, Plaintiff received medical treatment for his injury in Corpus Christi, Texas and the United Kingdom.

After entering into the contract with Plaintiff, Seistech contracted with Defendant Geo Marine Limited ("Geo Marine") to provide Geo Marine with subcontrac-

tors. Pursuant to this contract, Geo Marine placed a purchase order dated September 24, 1997 for seismic personnel for "Petro–Tech onshore rigging operations." Previously, Geo Marine had entered into a contract dated June 23, 1997 with Defendant Petro–Tech Peruana, S.A. ("Petro–Tech") for the outfitting of the M/V GULF SUPPLIER from a supply boat to a seismic vessel. Under the terms of the contract, the outfitting was to take place in Ingleside, Texas. It was during the outfitting that Plaintiff's injury occurred.

## II. ANALYSIS

■ In Federal Court, personal jurisdiction over a nonresident defendant is proper if: (1) the defendant is amenable to service of process under the forum state's long-arm statute; and (2) the exercise of personal jurisdiction over the defendant is consistent with due process. *See Jones v. Petty–Ray Geophysical Geosource, Inc.,* 954 F.2d 1061, 1067 (5th Cir.1992). The Texas long-arm statute authorizes service of process on a nonresident defendant if the defendant is determined to be "doing business" in Texas. *See* Tex.Civ.Prac. & Rem.Code Ann. § 17.042. Because the phrase "doing business" has been interpreted to reach as far as the United States Constitution permits, the jurisdictional inquiry under the Texas long-arm statute collapses into a single due-process inquiry. *See Ruston Gas Turbines, Inc. v. Donaldson Co.,* 9 F.3d 415, 418 (5th Cir.1993).

■ Whether the exercise of personal jurisdiction over Defendant is consistent with the Due Process Clause of the United States Constitution likewise requires a two-pronged inquiry. First, the Court must conclude that Defendants have "minimum contacts" with Texas. *See International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Second, the Court must determine that requiring Defendant to litigate in Texas does not offend "traditional notions of fair play and substantial justice." *Id.; see also Wilson v. Belin,* 20 F.3d 644, 647 (5th Cir.1994); *Ruston Gas Turbines,* 9 F.3d at 418. The "minimum contacts" as-

pect of due process can be satisfied by either finding specific jurisdiction or general jurisdiction. *See Wilson,* 20 F.3d at 647. If the conduct of a defendant that supports personal jurisdiction is related to a stated cause of action, personal jurisdiction is known as "specific jurisdiction." *See Ruston Gas Turbines,* 9 F.3d at 418–19. The minimum contacts prong for specific jurisdiction can be satisfied by a single act if the nonresident defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (holding that a defendant establishes minimum contacts by purposely engaging in conduct directed toward the forum state "such that [the defendant] should reasonably anticipate being haled into court there"); *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958); *see also Bullion v. Gillespie,* 895 F.2d 213, 216 (5th Cir.1990) ("It is well settled that specific jurisdiction may arise without the nonresident defendant's ever stepping foot upon the forum state's soil...."). Alternatively, if a defendant has insufficient contacts related to a stated cause of action to support specific jurisdiction, contacts unrelated to the cause of action may confer general jurisdiction. However, these contacts with the foreign state must be both "continuous and systematic" and "substantial." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984).

At the outset, the Court notes that although the burden is on Plaintiff, he need only make a prima facie showing of jurisdiction, and his allegations in that regard are to be taken as true unless controverted; moreover, any conflicts are to be resolved in his favor. *See Asarco, Inc. v. Glenara, Ltd.,* 912 F.2d 784, 785 (5th Cir. 1990).

834

■ Plaintiff argues that this Court has jurisdiction over Seistech based on what Plaintiff claims was Seistech's direct involvement in the outfitting project in Texas. Moreover, Plaintiff argues that Seistech waived any personal jurisdiction defense by participating in litigation of the case to the eve of trial without raising the defense by Motion. The Court agrees on both counts.

### A. Minimum Contacts

Defendant Seistech purposely availed itself of conducting activities in Texas by entering into its contract with Geo Marine to provide employees for service in Texas. *Cf. Burger King Corp.*, 471 U.S. at 475, 105 S.Ct. at 2184 ("Jurisdiction is proper ... where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum state.") (quoting *McGee v. International Life Ins. Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957)); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 884 (5th Cir.1993) ("Flying an employee to Mississippi and assuming a financial burden there is not a 'random,' 'fortuitous,' or 'attenuated' act that is an improper basis for jurisdiction.") (quoting *Burger King*, 471 U.S. at 480, 105 S.Ct. at 2186). The Purchase Order between Geo Marine and Seistech provided that Geo Marine would specify the location where the services were to be provided. It makes no difference that Defendant Seistech itself never physically entered Texas. *See Burger King Corp.*, 471 U.S. at 473, 105 S.Ct. at 2183; *Bullion*, 895 F.2d at 216. It was aware that it would be providing workers, fourteen in all, for a project in Texas. It was paid for Plaintiff's work in Texas with U.S. Dollars. Moreover, Plaintiff's injury arose out of the service which was the subject of the purchase order. Medical insurance purchased by Seistech for Plaintiff was used for Plaintiff's treatment in Corpus Christi. Defendant could reasonably anticipate being haled into court in Texas with regard to the employment of Plaintiff. Thus, specific jurisdiction exists. Defendant argues that Geo Marine con-

tracted with Seistech for the placement of Mr. Schwartz in England. This account is flatly contracted by the terms of the purchase order.

### B. Fair Play and Substantial Justice

■ The Court next examines whether requiring the Defendant to defend this suit in Texas would satisfy "traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158. In making this determination, five factors are considered by the Court: the Defendant's burden; the interests of the forum state; the Plaintiff's interest in convenient and effective relief; the interstate judicial system's interest in efficient resolution of controversies; and the shared interest of the several states in furthering fundamental substantive social policies. *See Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano County*, 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987); *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980); *Ruston Gas Turbines*, 9 F.3d at 421. Once a court has found that minimum contacts exist, "[o]nly in rare cases ... will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state." *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991). Indeed, once minimum contacts are established, a defendant must present "a compelling case that the presence of some consideration would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477, 105 S.Ct. at 2184.

Defendant Seistech will undoubtably experience some slight inconvenience by being forced to litigate this matter in a Texas forum. Yet, Defendant has already litigated this matter to the point that trial is imminent. Trial is scheduled for October 30, 2000. If prosecution of this case in Texas were really an extraordinary burden

as Defendant Seistech complains, the Court wonders why it did not object earlier. The State of Texas obviously has a strong interest in ensuring that those injured in Texas have a forum for redress. The Plaintiff's interest in convenient and effective relief will be maximized by trial in this Court, as opposed to starting over again in England. Thus, the Court concludes that it is hardly contrary to "traditional notions of fair play and substantial justice" to require Defendant Seistech to appear in a Texas forum.

The Court finds that the activities of Seistech in soliciting, negotiating, and enabling Plaintiff's employment in Texas established minimum contacts sufficient to support the exercise of specific jurisdiction. Furthermore, it is not contrary to traditional notions of fair play and substantial justice to require Seistech to defend in a Texas forum. Accordingly, the exercise of personal jurisdiction over Seistech is consistent with due process. Seistech's Motion To Dismiss for Lack of Personal Jurisdiction is **DENIED.**

C. *Waiver*

 As an independent basis for denying Defendant Seistech's Motion to Dismiss for Lack of Personal Jurisdiction, Plaintiff argues that Defendant has waived this defense by asserting it in a dilatory manner. Although Plaintiff concedes that Defendant Seistech has complied with the requirements of Rule 12(h), Plaintiff argues that Seistech has violated the spirit of the rule by filing its Motion to Dismiss on the eve of trial. The Court agrees. Trial in this case is set for October 30, 2000. Defendant filed this Motion on August 24, 2000, after extensive pretrial activity. The case was filed December 1, 1999.[1] Delays in presenting such defenses may result in waiver when the assertion of the defense violates "the spirit of the rule which is 'to expedite and simplify proceedings in the Federal Courts.'" *Yeldell v. Tutt,* 913

F.2d 533, 539 (8th Cir.1990) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1342 (1990)); *Datskow v. Teledyne, Inc., Continental Prod. Div.,* 899 F.2d 1298, 1303 (2d Cir.1990). Defendant's dilatory Motion is a good example of conduct which hinders efforts to expedite and simplify proceedings in the Federal Courts.

### III. CONCLUSION

For the reasons set forth above, Defendant Seistech's Motion To Dismiss For Lack of Personal Jurisdiction is **DENIED.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**

---

1. Although nine months may not be a long time in many courts, in this Court, the average trial track is less than nine months.