REL:11/26/2014

Notice: This opinion is subject to formal revision before publication in the advance
sheets of Southern Reporter. Readers are requested to notify the Reporter of Decisions,
Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-
0649), of any typographical or other errors, in order that corrections may be made before
the opinion is printed in Southern Reporter.

 SUPREME COURT OF ALABAMA
 OCTOBER TERM, 2014-2015
 ____________________

 1130184
 ____________________

 Ex parte Alaska Bush Adventures, LLC, et al.

 PETITION FOR WRIT OF MANDAMUS

 (In re: Guy R. Willis

 v.

 Alaska Bush Adventures, LLC, et al.)

 ____________________

 1130231
 ____________________

 Alaska Bush Adventures, LLC, et al.

 v.

 Guy R. Willis
 Appellate Proceedings from Elmore Circuit Court
 (CV-12-900451)

PER CURIAM.

 These consolidated cases arise out of an action brought

in the Elmore Circuit Court by Guy R. Willis against three

defendants: Alaska Bush Adventures, LLC ("Alaska Bush"), Hugh

Les Krank, and Ryan L. Krank (Alaska Bush and the Kranks are

hereinafter collectively referred to as "the defendants"); the

Kranks are the owners and operators of Alaska Bush. In case

no. 1130184, the defendants petition for a writ of mandamus

directing the trial court to vacate its order denying their

motions to dismiss the action for lack of personal

jurisdiction. In case no. 1130231, the defendants appeal from

the trial court's denial of their motion to compel

arbitration. In case no. 1130184, we deny the petition; in

case no. 1130231, we reverse and remand.

 Facts and Procedural History

 According to the record on appeal and the materials

before us on the petition for the writ of mandamus, Alaska

Bush, a business formed in Alaska, provides guided hunting

trips in that state. In December 2011, Willis entered into a

written contract with Alaska Bush pursuant to which Alaska

 2
1130184, 1130231

Bush would lead a guided hunting trip in Alaska. That contract

is entitled "Guide/Outfitter Contract/Security Agreement

between Alaska Bush Adventures LLC and: Guy Willis." Willis

also claims that he entered into a separate oral contract to

hunt black bears during that guided hunting trip. The guided

hunting trip took place in September 2012.

 On November 5, 2012, Willis sued the defendants in the

Elmore Circuit Court, seeking damages for breach of contract,

misrepresentation, and suppression.1 Willis's claims against

the defendants centered primarily on his allegations that the

equipment Alaska Bush provided for the hunting expedition was

inadequate in number, unsafe, and inoperable, and he also

alleged that he lost hunting time because the defendants were

providing services to other hunters who were apparently not

included in the guided hunting trip. Willis claimed that he

lost most of his personal hunting equipment and had to leave

the trip early because he "was caused to be thrown from an

improperly repaired, inspected, and/or working motorized boat

...." Willis further alleged that the defendants

 1
 Willis also sought damages on a tort-of-outrage theory.
 3
1130184, 1130231

misrepresented the quantity of wild game that would be

available on the hunt.

 On December 19, 2012, Willis filed an application for the

entry of a default judgment against Ryan, and, on the

following day, he filed a similar application against Alaska

Bush and Hugh. On December 21, 2012, the defendants filed an

answer to Willis's complaint and an objection to Willis's

applications for entry of a default judgment.

 On January 2, 2013, the defendants filed a motion to

compel Willis to arbitration pursuant to an arbitration

agreement found in the written contract. On January 11, the

defendants each filed an individual motion to dismiss Willis's

complaint for lack of personal jurisdiction.

 Subsequently, the trial court issued an order denying the

defendants' respective motions to dismiss and their motion to

compel arbitration. In case no. 1130184, the defendants

petition this Court for a writ of mandamus challenging the

denial of their motions to dismiss for lack of personal

jurisdiction; in case no. 1130231, they appeal the trial

court's denial of their motion to compel arbitration.

 Case no. 1130184

 4
1130184, 1130231

 Upon review of the materials submitted in support of this

petition for a writ on mandamus, we deny the petition.

Because we are denying the defendants' petition, we address

the defendants' appeal from the order denying their motion to

compel arbitration.

 Case no. 1130231

 In case no. 1130231, the defendants appeal from the

denial of their motion to compel arbitration. We reverse and

remand.

A. Standard of Review

 "Our standard of review of a ruling denying a
 motion to compel arbitration is well settled:

 "'"This Court reviews de
 novo the denial of a motion to
 compel arbitration. Parkway
 Dodge, Inc. v. Yarbrough, 779 So.
 2d 1205 (Ala. 2000). A motion to
 compel arbitration is analogous
 to a motion for a summary
 judgment. TranSouth Fin. Corp. v.
 Bell, 739 So. 2d 1110, 1114 (Ala.
 1999). The party seeking to
 compel arbitration has the burden
 of proving the existence of a
 contract calling for arbitration
 and proving that the contract
 evidences a transaction affecting
 interstate commerce. Id. '[A]fter
 a motion to compel arbitration
 has been made and supported, the
 burden is on the non-movant to

 5
1130184, 1130231

 present evidence that the
 supposed arbitration agreement is
 not valid or does not apply to
 the dispute in question.' Jim
 Burke Automotive, Inc. v.
 Beavers, 674 So. 2d 1260, 1265 n.
 1 (Ala. 1995) (opinion on
 application for rehearing)."'

 "Elizabeth Homes, L.L.C. v. Gantt, 882 So. 2d 313,
 315 (Ala. 2003) (quoting Fleetwood Enters., Inc. v.
 Bruno, 784 So. 2d 277, 280 (Ala. 2000))."

SSC Montgomery Cedar Crest Operating Co. v. Bolding, 130 So.

3d 1194, 1196 (Ala. 2013).

B. Analysis

 In this case, the defendants supported their motion to

compel arbitration with, among other evidence, the written

contract between Willis and the defendants, which contains the

following arbitration clause:

 "Alaska Bush Adventures, LLC agree that they will
 try to minimize risk to all customers, but due to
 unforeseen circumstances, the undersigned customer
 agrees to waive all liability claims against this
 company and their affiliates, agreeing that any and
 all disputes with Alaska Bush Adventures, LLC be
 settled by arbitration conducted in the state of
 Alaska where the Corporation's office is located.
 Please contact me if you have any questions. If you
 have carefully read this contract and are satisfied
 with these arrangements and with the terms and
 conditions, please sign and return it to me with
 your down payment."

 6
1130184, 1130231

(Emphasis added.) The defendants presented a properly

supported motion to compel arbitration demonstrating "the

existence of a contract calling for arbitration,"2 see SSC

Montgomery Cedar Crest, supra; thus, the burden then shifted

to Willis to present evidence indicating that the arbitration

clause was "not valid or does not apply to the dispute in

question." Id.

 Willis argued in the trial court and he now argues on

appeal that the arbitration clause is not enforceable because,

he says, "the arbitration agreement in the written contract

between the parties was induced by fraud." Willis argues on

appeal that the arbitration clause was induced by fraud

because, he says, "as an examination of the written contract

between the parties reveals, the arbitration clause in that

contract was obscured in unhighlighted small print at the

bottom of the document." Furthermore, Willis argued in the

trial court and he now argues on appeal that there exists a

separate oral contract to hunt black bears during the guided

hunting trip, and, he says, the oral contract is not governed

by the arbitration clause in the written contract.

 2
 There is no dispute that "the contract evidences a
transaction affecting interstate commerce."
 7
1130184, 1130231

 First, as to Willis's claim that the arbitration clause

was induced by fraud on the part of the defendants, the

defendants correctly state that "[n]o evidentiary materials of

record support Willis'[s] arguments." Indeed, the record on

appeal is entirely devoid of any evidence supporting Willis's

argument on this issue. Notably, Willis's brief provides no

example of the allegedly fraudulent misrepresentations the

defendants used to procure Willis's signature on the

arbitration clause in the written contract. Rather, Willis

generally recites that the arbitration clause was procured by

fraud, recites that he raised that issue in the trial court,

and then concludes that the trial court did not err in denying

the defendants' motion to compel arbitration. None of the

documents in the record to which he cites contains evidence

supporting an allegation that the arbitration clause was

induced by fraud on the part of the defendants.

 Next, Willis argues that the arbitration clause was

induced by fraud because the language of that clause was in

"unhighlighted small print" at the bottom of the written

contract. As the defendants correctly noted: "The arbitration

clause is set forth in the same size print and the same font

 8
1130184, 1130231

as the rest of the contract terms, and is located in the body

of the one-page contract." Therefore, this argument provides

no basis for concluding that the arbitration clause was

induced by fraud or was otherwise unenforceable. See Southern

Energy Homes, Inc. v. Ard, 772 So. 2d 1131, 1135 (Ala. 2000)

("Because, in all other respects, the arbitration language is

just as conspicuous as the other provisions of the warranty

..., we find that it is a binding part of the warranty.").

See also Advance Tank & Constr. Co., v. Gulf Coast Asphalt

Co., 968 So. 2d 520, 528 (Ala. 2006) (noting that no "special

disclosure" is required to point out the existence of an

arbitration provision in a contract).

 Finally, we see no merit in Willis's argument that there

exists a separate oral contract and that the existence of that

oral contract supports a denial of the motion to compel

arbitration. First, the arbitration clause provides that "any

and all disputes" between the parties are to be settled by

arbitration. This broad language alone indicates that the

scope of the arbitration clause would encompass any "dispute"

between the parties related to any subsequent oral contract

between these parties as to this subject. Additionally, and

 9
1130184, 1130231

most importantly, the terms of the purported oral contract are

actually found as part of the written contract. Specifically,

the written contract between the parties states that Willis

had "tentatively scheduled the following hunt: A one client to

one guide hunt for Moose, Brown/Grizzly Bear and Fishing." The

written contract also states that "Black Bear can be added to

the hunt for an additional $800.00 each." After executing the

written contract, the defendants sent Willis a document

entitled "Important Contract Addendum & Information," which

required Willis to complete and sign several forms and return

the forms to the defendants. One of the forms Willis was

required to complete, sign, and return to the defendants was

a "Medical Information Form." On that form, Willis was asked

to provide, among other things, "[a]ny information to make

[his] trip more comfortable"; Willis completed that portion of

the form by stating that he desired to "[g]et a Trophy

Moose/Grizzly/Black Bear[,] Wolf/Wolverine, [and] catch Lots

of fish." (Emphasis added.) The defendants did not object to

Willis's statement on the "Medical Information Form" that he

wanted to hunt black bear, and, in fact, the record on appeal

shows that Willis paid an additional $800 fee to hunt "for a

 10
1130184, 1130231

Black Bear." Thus, in the addendum to the written contract,

the parties evidenced their intention to add a hunt for black

bear, wolf, and wolverine to the guided hunting trip for which

the parties had originally contracted. As stated by the

defendants: "Willis merely added another species to be hunted,

which was an option set forth in the original contract."

Accordingly, Willis's hunt for black bear was expressly

governed by the provisions of the written contract containing

the arbitration clause.

 In sum, after the defendants presented a properly

supported motion to compel arbitration, the burden then

shifted to Willis to present evidence indicating that the

arbitration clause is not valid or that it does not apply to

the dispute in question; Willis failed to do either.

Therefore, the trial court erred in denying the defendants'

motion to compel arbitration.3

 3
 The terms of the arbitration clause cover only disputes
between Alaska Bush and Willis. However, the written contract
containing the arbitration clause was signed on behalf of
Alaska Bush by its agents, Hugh and Ryan. See Ex parte
Carter, 66 So. 3d 231 (Ala. 2010) ("[T]his Court has stated
that a 'corporation is a legal entity, an artificial person,
and can only act through agents,' Townsend Ford, Inc. v.
Auto–Owners Ins. Co., 656 So. 2d 360, 363 (Ala. 1995), and
that agents 'stand in the shoes' of their principals and can
enforce certain contractual agreements ...."(emphasis added)).
 11
1130184, 1130231

C. Conclusion

 The trial court's order denying the motion to compel

arbitration is reversed and the cause remanded for the trial

court to enter an order granting the motion.

 1130184--PETITION DENIED.

 Moore, C.J., and Stuart, Parker, and Main, JJ., concur.

 Shaw and Bryan, JJ., and Lyons, Special Justice,* concur
specially.

 Bolin and Murdock, JJ., dissent.

 Wise, J., recuses herself.

 1130231--REVERSED AND REMANDED.

 Stuart, Parker, Shaw, Main, and Bryan, JJ., and Lyons,
Special Justice,* concur.

 Moore, C.J., and Bolin and Murdock, JJ., dissent.

 Wise, J., recuses herself.

 *Retired Associate Justice Champ Lyons, Jr., was
appointed to serve as a Special Justice in regard to these
appellate proceedings.

 12
1130184, 1130231

SHAW, Justice (concurring specially in case no. 1130184).

 I concur in case no. 1130184 to deny the petition for a

writ of mandamus filed by Alaska Bush Adventures, LLC, Hugh

Les Krank, and Ryan L. Krank (hereinafter referred to

collectively as "the defendants") challenging the trial

court's denial of their motions to dismiss Guy R. Willis's

action against them for lack of personal jurisdiction. The

main opinion essentially denies the petition without an

opinion; I write specially in that case to explain my

rationale for agreeing to deny the petition.

 If the trial court in this case did not initially possess

personal jurisdiction over the defendants, then I believe that

the defendants later consented to the trial court's

jurisdiction. Specifically, the defense of lack of personal

jurisdiction is subject to waiver or consent; when a defendant

seeks "affirmative relief from [an Alabama] court," he may be

deemed to have "purposely availed himself of conducting

activities in Alabama ...." Owen v. Owen, 571 So. 2d 1200,

1201 (Ala. Civ. App. 1990). See also Bel-Ray Co. v. Chemrite

(Pty) Ltd., 181 F.3d 435, 443 (3d Cir. 1999) ("[W]here a party

seeks affirmative relief from a court, it normally submits

 13
1130184, 1130231

itself to the jurisdiction of the court with respect to the

adjudication of claims arising from the same subject

matter."). In the instant case, the defendants filed their

motion to compel arbitration on January 2, 2013; their motions

to dismiss for lack of personal jurisdiction were filed nine

days later on January 11, 2013. Other courts have determined

that a motion to compel arbitration seeks "affirmative relief"

from a court:

 "A motion to compel arbitration is a request for
 affirmative relief, it is not merely a ministerial
 act seeking to preserve the status quo, such as
 filing a general denial or asserting affirmative
 defenses. See Quanto Int'l Co., Inc. v. Lloyd, 897
 S.W.2d 482, 487 (Tex. App.-Houston [1st Dist.] 1995)
 (a 'request to compel arbitration is a claim for
 "affirmative relief"')(internal quotations omitted);
 Arnold v. Garlock Inc., 288 F.3d 234, 237 (5th Cir.
 2002) (same); Tri-State Consumer Ins. Co. v. Prop.
 & Cas. Mgmt. Sys., Inc., [(No. 11-02-00125-CV, Jan.
 23, 2003)(not reported in S.W.3d)] ('A motion to
 compel arbitration seeks affirmative relief and
 recognizes a trial court's jurisdiction.')."

Garcia v. SSP Partners (Civil Action No. C-06-385, Oct. 3,

2006) (S.D. Tex. 2006) (not reported in F. Supp. 2d). See

also McKinnon v. Doctor's Assocs., Inc., 769 F. Supp. 216, 220

(E.D. Mich. 1991) ("The motion to compel arbitration ...

sought the affirmative relief of compelling the plaintiffs to

submit their claims to arbitration.") By asking the trial

 14
1130184, 1130231

court to compel arbitration, the defendants were seeking

affirmative relief; they thus subjected themselves to the

jurisdiction of the trial court. As one court has stated, it

is contradictory for a party to argue that a court has no

personal jurisdiction over it, while at the same time

requesting the court to compel arbitration:

 "[G]iven that Defendants have filed a motion to
 compel arbitration in this Court, their position
 [that the court lacks] personal jurisdiction seems
 disingenuous. They cannot argue that they may
 consent to personal jurisdiction for purposes of
 their own motion to compel arbitration, but object
 to the exercise of personal jurisdiction for
 purposes of Plaintiff's request for declaratory and
 injunctive relief. Both requests raise the same
 issue ... and therefore, the Court has personal
 jurisdiction to consider either request."

Express Scripts, Inc. v. Apothecary Shoppe, Inc. (No.

4:12CV01035 AGF, Sept. 30, 2013)(E.D. Mo. 2013) (not reported

in F. Supp. 2d).4 Here, in one motion the defendants

 4
 As another court has noted:

 "Here ... the court finds that Haas submitted to
 the jurisdiction of this court through its motion to
 compel arbitration, constituting a waiver of its due
 process right. First of all, the defendant's earlier
 motion asked this court to interpret the language of
 the contract at issue in this case and order relief
 in the form of compelling arbitration, an explicit
 request for this court to exercise its power to
 affect both the plaintiff and defendant. See
 Mississippi Valley Dev. Corp. v. Colonial
 15
1130184, 1130231

requested that the trial court act and grant them the

affirmative relief of compelling arbitration but later argued

 Enterprises, Inc., 300 Minn. 66, 71–72, 217 N.W.2d
 760 (1974) (holding that the defendant's filing of
 a motion to compel arbitration 'invok[ed] the power
 of the court' and waived the defense of lack of
 personal jurisdiction); see generally 1 Robert C.
 Casad & William B. Richman, Jurisdiction in Civil
 Actions § 3–1(iii) (3d ed. 1998) ('A demand for
 arbitration has been held to waive personal
 jurisdiction defenses'). When a defendant's conduct
 does not 'reflect a continuing objection to the
 power of the court to act,' the defense of lack of
 personal jurisdiction is waived. Yeldell v. Tutt,
 913 F.2d 533, 539 (8th Cir. 1990); see also Echo,
 Inc. v. Whitson Co., 52 F.3d 702, 707 (7th Cir.
 1995) ('The parties consented to personal
 jurisdiction simply by participating in the
 proceedings before the district court without
 protest'); see generally Restatement (Third) of
 Foreign Relations Law of the United States § 421(3)
 ('A defense of lack of jurisdiction is generally
 waived by any appearance ... for a purpose that does
 not include a challenge to the exercise of
 jurisdiction'); Restatement (Second) of Conflict of
 Laws § 33 ('A state has power to exercise judicial
 jurisdiction over an individual who enters an
 appearance as defendant in an action with respect to
 a claim that arose out of the transaction which is
 the subject of the action or is one that may in
 fairness be determined concurrently with that
 action.') While this case may be a 'closer call'
 than some of the cases cited by the plaintiff in its
 response brief, here, the defendant asked this court
 to use its power to influence the ultimate
 resolution of this matter, amounting to conduct that
 acknowledges the court's in personam jurisdiction."

Derse Inc. v. Haas Outdoors Inc. (No. 09–CV–97, Feb. 4, 2011)
(E.D. Wis. 2011) (not reported in F. Supp. 2d).
 16
1130184, 1130231

on separate motions that the trial court had no jurisdiction

to act in the first place.

 "It is a fundamental rule that

 "'when a party invokes the jurisdiction of
 a court on an alleged state of facts which
 gives the court jurisdiction, and the court
 has proceeded to determine the controversy,
 the party or parties invoking its
 jurisdiction will not be permitted to
 assume an inconsistent position in the same
 proceedings or question the regularity
 thereof; and this principle applies on
 appeal as well as to the proceedings in the
 trial court.'"

Godwin v. Bogart, 674 So. 2d 606, 608 (Ala. Civ. App. 1995)

(quoting Clark v. Holland, 274 Ala. 597, 599, 150 So. 2d 702,

704 (1963)). In this case, the defendants requested that the

trial court decide the "controversy" whether arbitration

should be compelled and thus consented to the trial court's

exercise of jurisdiction to do so. Because they consented to

the jurisdiction of the trial court, they cannot show "a clear

legal right to the order [of dismissal] sought" or "an

imperative duty upon the respondent to perform," which are

necessary to be entitled to mandamus relief. Ex parte BOC

Grp., Inc., 823 So. 2d 1270, 1272 (Ala. 2001). I thus concur

to deny the petition.

 Bryan, J., concurs.

 17
1130184, 1130231

LYONS, Special Justice (concurring specially in case no.
1130184).

 Rule 12(b), Ala. R. Civ. P., expressly authorizes a

defendant to assert a defense of lack of jurisdiction over the

person in its answer, as opposed to doing so by motion filed

pursuant to Rule 12(b)(2), Ala. R. Civ. P. Although a

subsequent motion under Rule 12(b)(2) is not the proper

vehicle when the defense has previously been asserted in an

answer, the command in Rule 1(c), Ala. R. Civ. P., for

construction of the Rules of Civil Procedure to secure the

just determination of every action requires treatment of a

motion under Rule 12(b)(2) as a motion for a preliminary

hearing pursuant to Rule 12(d), Ala. R. Civ. P. See 5C

Charles Alan Wright & Arthur R. Miller, Federal Practice and

Procedure § 1361 n. 8. (3d ed. 2004), for a similar

construction of the applicable federal rule.

 As Justice Murdock notes in his dissenting opinion, the

defendants initially set forth the defense of lack of

jurisdiction over the person in an answer filed on December

21, 2012, and the defense was referred to in the defendants'

motion to compel arbitration filed on January 2, 2013. The

defendants there stated that they intended to file a motion

 18
1130184, 1130231

seeking dismissal based on the absence of personal

jurisdiction and that arbitration was being sought only in the

event the court denied their forthcoming motions to dismiss.

The motions to dismiss for want of personal jurisdiction filed

pursuant to Rule 12(b)(2) were filed on January 11, 2013. A

memorandum in support of the defendants' motion to compel

arbitration and in response to Willis's opposition to the

defendants' motion to compel was filed on February 12, 2014.

In the opening paragraph of the response, the defendants again

stated that arbitration was being sought only in the event the

trial court denied their motions to dismiss. Rather than

treat the potentially dispositive motions to dismiss

separately, the trial court heard arguments on all the motions

on April 3, 2013, and denied all the motions on October 16,

2013.

 The proper procedure would have been for the defendants

to defer presentation of their motion to compel arbitration

until the trial court had ruled on the dispositive motions to

dismiss. However, the defendants invited a ruling on an issue

as to which the trial court lacked jurisdiction to decide if

the motions to dismiss were well taken. I recognize that the

defendants coupled their motion to compel arbitration with

 19
1130184, 1130231

language to the effect that the motion would not be ripe for

a ruling if the court granted their motions to dismiss.

However, the undeniable fact remains -- if the trial court had

erroneously denied the motions to dismiss and this Court

overturns that order by issuance of the writ of mandamus in

response to the defendants' petition, the trial court will

have decided a moot issue -- the issue of arbitrability.

 In his dissenting opinion Justice Murdock supports his

view that no waiver is here presented by citing Gerber v.

Riordan, 649 F.3d 514 (6th Cir. 2011), in which the court

stated:

 "Only those submissions, appearances and filings
 that give '[P]laintiff a reasonable expectation that
 [Defendants] will defend the suit on the merits or
 must cause the court to go to some effort that would
 be wasted if personal jurisdiction is later found
 lacking,' [Mobile Anesthesiologists Chicago, LLC v.
 Anesthesia Associates of Houston Metroplex, P.A.,
 623 F.3d 440, 443 (7th Cir. 2010)], result in waiver
 of a personal jurisdiction defense."

(Emphasis added.) Gerber therefore supports the view that the

submission of a potentially moot issue for decision by the

trial court along with a challenge to jurisdiction is a waiver

 20
1130184, 1130231

of the jurisdictional issue.5 I find Justice Murdock's

attempt to distinguish Gerber to be unpersuasive.

 The defendants have tried to have their cake and eat it

too. See Malsch v. Bell Helicopter Textron, Inc., 916 So. 2d

600, 609 (Ala. 2005) (Lyons, J., dissenting):

 "Such acrobatic posturing violates the following
 equitable principle: 'Thou shalt not have it both
 ways.' As the English Court of Exchequer in Cave v.
 Mills, 7 H. & W. 927, 31 L.J. Ex. 265 (1862), put
 it: 'A man shall not be allowed to blow hot and
 cold, to claim at one time and deny at another.'"

 If the defendants have waived the defense of lack of

jurisdiction over the person, the only issue for this Court to

decide is whether the trial court erred in denying

arbitration. I concur with the majority's analysis reversing

the trial court’s denial of the defendants' motion to compel

arbitration.

 5
 We are not here presented with a defendant who has
unsuccessfully moved for dismissal for lack of personal
jurisdiction and then, after the denial of its motion,
defended the action rather than suffer the consequences of a
default while continuing to assert its jurisdictional defense
along with its defense of the merits. Under those
circumstances, this Court has recognized a defendant's right
to appeal the denial of the motion to dismiss for lack of
personal jurisdiction after entry of final judgment against
the defendant. See Ex parte United Ins. Cos., 936 So. 2d 1049,
1056 (Ala. 2006).

 21
1130184, 1130231

MURDOCK, Justice (dissenting).

 As a preliminary matter, I respectfully must disagree

with the suggestion in Justice Lyons's special concurrence

that a motion asserting the defense of lack of in personam

jurisdiction under Rule 12(b)(2), Ala. R. Civ. P., is not

"proper" merely because that defense already has been asserted

by a defendant in a previously filed answer. Rule 12(b)(2)

provides that such a defense "may at the option of the

pleader" be made in a separate motion. I do not read this

permission to assert such a defense in a separate motion as

conditioned upon the movant having withheld that defense from

the text of a previously filed answer. See, e.g., Lechoslaw v.

Bank of America, N.A., 618 F.3d 49 (1st Cir. 2010) (assertion

of defense of lack of in personam jurisdiction in an answer

followed by specific assertion of it in motion for relief

under Rule 12, Fed. R. Civ. P.).

 Similarly, I do not see that the rule of construction

expressed in Rule 1(c), Ala. R. Civ. P. (for the just

determination of every action) in some way "requires treatment

of a motion under Rule 12(b)(2) as a motion for a preliminary

hearing pursuant to Rule 12(d), Ala. R. Civ. P." ___ So. 3d

at ___ (Lyons, Special Justice, concurring specially). As the

 22
1130184, 1130231

rule contemplates, an "application" for a pretrial hearing --

as opposed to waiting for a ruling at trial on the defense

asserted in either an answer or a motion -- is a different

matter than the motion itself.

 That said, I write separately primarily to address the

merits of the issue presented and, in that regard, to explain

why I do not believe the defendants waived their defense of

lack of in personam jurisdiction grounded, as it was, on the

inability of the plaintiff to satisfy the so-called "minimum

contacts" test.

 Alaska Bush Adventures, LLC, Hugh Les Krank, and Ryan L.

Krank (hereinafter referred to collectively as "the

defendants") asserted their defense of a lack of in personam

jurisdiction in their initial responsive pleading, an answer

filed on December 21, 2012. On January 2, 2013, only a few

days later (following two intervening holidays), the

defendants, faced with a motion for a default judgment and

pending discovery requests, filed a motion for a stay of the

judicial proceedings and for arbitration; they included in

this motion a statement pointing out that a separate motion to

dismiss based on lack of in personam jurisdiction, as alleged

in their December 21 answer, was about to be filed. Nine days

 23
1130184, 1130231

later, the defendants did, in fact, file separate motions

asserting the same minimum-contacts in personam jurisdiction

defense raised in their answer three weeks earlier and in the

motion they had filed nine days earlier. Against this

procedural backdrop, the trial court refrained from ruling on

the defendants' motion regarding arbitration until it issued

a combined order simultaneously denying the defendants'

motions to dismiss for lack of in personam jurisdiction and

the defendants' motion to compel arbitration.

 Under these circumstances, I do not believe the

defendants' actions constituted the legal submission to the

jurisdiction of the court contemplated for the submission to

constitute a waiver of the defense of lack of in personam

jurisdiction. What is required -- but is not present in this

case -- is a "failure to assert [the defense] seasonably."

Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 168

(1939). In this regard, federal courts have long since

abandoned the notion that a so-called "general appearance"

automatically constitutes a waiver of a defense of lack of

personal jurisdiction. See generally 5B Charles Alan Wright

& Arthur R. Miller, Federal Practice and Procedure § 1344

(3d ed. 2004). So too have our rules. See generally

 24
1130184, 1130231

Committee Comments to Rule 12, Ala. R. Civ. P., explaining the

movement away from "special appearances" and the principle

that "neither the filing of a general appearance, nor the

taking of a position looking to the merits, prevents a party

from attacking the jurisdiction of the court or the service of

process."

 Federal jurisprudence now widely accepts the notion that

the question of waiver is not answered by the application of

rigid default rules but lies in a "gray area" that must be

examined on a case-by-case basis at the discretion of the

trial court.6 For example, in Lechoslaw, supra, the United

States Court of Appeals for the First Circuit shed the

following light on the issue:

 "It is clear that 'a defense of lack of jurisdiction
 over the person is waived if not timely raised in
 the answer or a responsive pleading.' Id. (quoting
 Fed. R. Civ. P. 12(h)) (internal quotations and
 marks omitted); see also Mass. R. Civ. P. 12(h)

 6
 Because the issue of waiver calls for the exercise of
discretion on the part of the trial court, and because in this
case any decision by this Court that a waiver occurred must be
made ex mero motu, to the extent the majority bases its
decision on a finding of waiver I find that decision
unsupportable. I do not believe we can make such a decision
as a matter of law, which we would have to do in order to make
the decision ex mero motu. Concomitantly, I do not believe we
can make such a decision ex mero motu under the circumstances
without implicating the due-process rights of the defendants.

 25
1130184, 1130231

 (same). However, even if the issue of personal
 jurisdiction is raised in its answer or other
 responsive pleading, a party may nevertheless waive
 jurisdiction if it makes voluntary appearances and
 contests the case at all stages until judgment is
 rendered. Ingersoll v. Ingersoll, 348 Mass. 209,
 202 N.E.2d 820, 821 (1964). Those are the two
 extremes; in between lies a wide gray gulf. ...

 "....

 "... Lechoslaw ... argues that Bank Handlowy is
 anyway precluded by its actions and by laches from
 raising the issue of personal jurisdiction because
 it propounded discovery requests, negotiated
 extensions to the time required to respond to the
 discovery requests, solicited a confidentiality
 agreement, and because it filed an assented-to
 motion to expand the tracking order before filing
 its Rule 12 motion [asserting lack of personal
 jurisdiction]. ...

 "... A determination as to 'waiver [of personal
 jurisdiction is] within the discretion of the trial
 court, consistent with its broad duties in managing
 the conduct of cases pending before it.' United
 States v. Ziegler Bolt & Parts Co., 111 F.3d 878,
 882 (Fed. Cir. 1997). Thus, '[o]n appeal, this
 court defers to the judgment of the trial court on
 such matters closely associated with the standard
 functions of the adjudicative process, so long as
 that judgment is not an abuse of the trial court's
 discretion. ...' Id. (internal citations omitted);
 see also Hamilton v. Atlas Turner, Inc., 197 F.3d
 58, 60 (2d Cir. 1999). ...

 "Bank Handlowy's answer to Lechoslaw's complaint
 included the affirmative defense of lack of personal
 jurisdiction. The language ... from Bank Handlowy's
 motion[] does not imply that Bank Handlowy had
 assented to jurisdiction. The quote makes clear
 that Bank Handlowy contested personal jurisdiction

 26
1130184, 1130231

 in its answer. It only clarifies the reason why
 Bank Handlowy chose to file an answer, its first
 responsive pleading in this case, before it filed a
 Rule 12 motion. There is nothing the matter with
 Bank Handlowy's chosen order of filings given that
 its answer included the personal jurisdiction
 defense. In addition, the fact that Bank Handlowy
 assented to a motion to extend the tracking order
 before it filed its Rule 12 motion is also not
 reason to find waiver, and the cases Lechoslaw cites
 are not to the contrary. The trial court did not
 abuse its discretion in finding Bank Handlowy did
 not waive its defense of lack of personal
 jurisdiction."

618 F.3d at 55-56 (footnotes omitted).

 Consistent with the aforesaid analysis, the test to be

applied in this case-by-case-examination basis has been

framed aptly by one court as whether a defendant

"substantially participates in the litigation without actively

pursuing its Rule 12(b)(2) defense." Matthews v. Brookstone

Stores, Inc., 431 F. Supp. 2d 1219, 1223 (S.D. Ala. 2006).

Although it has been said that the examination should turn on

"all relevant factors," the examination primarily turns on two

factors: The length of time between an initial appearance and

the assertion of the defense and the nature and extent of

participation in the trial court proceedings before the

assertion of the defense.

 27
1130184, 1130231

 The United States District Court for the Southern

District of Alabama has compiled the following well researched

and instructive review of federal caselaw in this regard:

 "In the typical waiver scenario, a personal
 jurisdiction defense is abandoned when a defendant
 fails to raise the issue in either a responsive
 pleading or a Rule 12 motion. See Stubbs [v.
 Wyndham Nassau Resort & Crystal Palace Casino], 447
 F.3d 1357, 1364 [(11th Cir. 2006)]; Palmer v. Braun,
 376 F.3d 1254, 1259 (11th Cir. 2004) (explaining
 that defendant waives personal jurisdiction defense
 by not interposing it in responsive pleading or
 motion to dismiss); Posner v. Essex Ins. Co., 178
 F.3d 1209, 1213, n. 4 (11th Cir. 1999) ('By omitting
 this defense from its motion, Essex waived any
 challenge it could have asserted to the court's
 exercise of personal jurisdiction over it.').3
 However, personal jurisdiction may also be waived,
 even if a defendant has nominally preserved the
 defense by reciting it in an answer, if that
 defendant substantially participates in the
 litigation without actively pursuing its Rule
 12(b)(2) defense. See Rates Technology Inc. v.
 Nortel Networks Corp., 399 F.3d 1302, 1309 (Fed.
 Cir. 2005) (noting that 'a party may consent to
 personal jurisdiction by extensively participating
 in the litigation without timely seeking
 dismissal'); PaineWebber Inc. v. Chase Manhattan
 Private Bank (Switzerland), 260 F.3d 453, 459 (5th
 Cir. 2001) (acknowledging 'well-established rule
 that parties who choose to litigate actively on the
 merits thereby surrender any jurisdictional
 objections'); Hamilton v. Atlas Turner, Inc., 197
 F.3d 58, 60 (2nd Cir. 1999) (observing that 'delay
 in challenging personal jurisdiction by motion to
 dismiss may result in waiver, even where ... the
 defense was asserted in a timely answer') (citations
 omitted); Peterson v. Highland Music, Inc., 140 F.3d
 1313, 1318 (9th Cir. 1998) ('Most defenses,
 including the defense of lack of personal

 28
1130184, 1130231

 jurisdiction, may be waived as a result of the
 course of conduct pursued by a party during
 litigation.'); Hunger U.S. Special Hydraulics
 Cylinders Corp. v. Hardie–Tynes Mfg. Co., 203 F.3d
 835 (10th Cir. 2000) ('After its lengthy
 participation in this litigation, ... [defendant]
 may not pull its personal jurisdiction defense out
 of the hat like a rabbit.') (citations omitted).4

 "Here, D & M mentioned personal jurisdiction
 amidst a laundry list of affirmative defenses in its
 answer, but failed to move forward with that defense
 for several months. The critical question, then, is
 whether that conduct gives rise to an implicit
 waiver of the personal jurisdiction defense, even
 after it has been properly raised in a responsive
 pleading. In synthesizing extant jurisprudence on
 this issue, one commentator has observed that 'the
 cases are far from uniform' and that 'the result
 seems to turn on the particular circumstances of an
 individual case.' Charles A. Wright & Arthur R.
 Miller, Federal Practice and Procedure: Civil 3d
 § 1391. Thus, '[w]hen considering whether a
 defendant has forfeited the defense of lack of
 personal jurisdiction, despite that defendant's
 technical compliance with Rule 12(h) ..., the court
 examines all of the relevant circumstances.'
 Epperson v. Entertainment Express, Inc., 338
 F. Supp. 2d 328, 334 (D.Conn. 2004) (identifying
 factors such as whether objecting party had
 previously requested that court take action in its
 favor).

 "Despite this rather nebulous framework and the
 paucity of Eleventh Circuit guidance, review of
 persuasive authority from other jurisdictions
 discloses two clear organizing principles for the
 'waiver-by-conduct' analysis. First, courts pay
 close attention to the length of time that elapses
 between service of process and a defendant's pursuit
 of a personal jurisdiction defense via a Rule
 12(b)(2) motion. The longer the time interval, the
 more likely it is that courts will find a waiver.

 29
1130184, 1130231

 See Hamilton, 197 F.3d at 62 (determining that
 defendant forfeited personal jurisdiction defense by
 failing to raise it for four years after inclusion
 of defense in answer); Continental Bank, N.A. v.
 Meyer, 10 F.3d 1293, 1297 (7th Cir. 1993) (finding
 waiver where defendants did not actively contest
 personal jurisdiction for more than two and a half
 years after listing the defense in their answer);
 Hunger, [203 F.3d 835] (defendant waived personal
 jurisdiction defense by waiting more than three
 years to file motion to dismiss on that basis, after
 first timely raising the defense in its answer);
 Plunkett v. Valhalla Investment Services, Inc., 409
 F. Supp. 2d 39, 41–42 (D. Mass. 2006) (finding that
 defendants abandoned personal jurisdiction defense
 by referencing it in their answer, then waiting 13
 months before litigating the defense); Schwartz v.
 M/V GULF SUPPLIER, 116 F. Supp. 2d 831, 835 (S.D.
 Tex. 2000) (deeming waiver to have occurred where
 defendant listed personal jurisdiction defense in
 answer, then failed to file motion to dismiss until
 eve of trial, some nine months after action
 commenced). By contrast, the shorter the
 intervening time period, the more likely it is that
 no waiver will be construed. See Brokerwood
 Products Int'l (U.S.), Inc. v. Cuisine Crotone,
 Inc., [104 Fed. App'x 376] (5th Cir. 2004) (finding
 that district court erred in holding that defendant
 waived challenge to personal jurisdiction where
 seven months passed between defendant's answer
 raising defense and its motion to dismiss); Sunlight
 Saunas, Inc. v. Sundance Sauna, Inc., 427 F. Supp.
 2d 1011, 1015 (D. Kan. 2006) (no waiver where
 defendant filed Rule 12(b)(2) motion less than two
 months after being joined as a party).5

 "Second, in addition to the sheer passage of
 time, courts assessing whether there is a waiver by
 conduct look to the extent of the objecting
 defendant's involvement in the action.6 The more
 active a defendant has been in litigating a case,
 the more likely it is that the defendant will be
 deemed to have waived defects in personal

 30
1130184, 1130231

 jurisdiction and impliedly consented to a court's
 jurisdiction. See Hamilton, 197 F.3d at 62 (finding
 waiver where defendant had participated in extensive
 pretrial proceedings before filing motion to
 dismiss); Yeldell v. Tutt, 913 F.2d 533, 539 (8th
 Cir. 1990) (discerning waiver where defendant
 participated in discovery, filed motions,
 participated in five-day trial, and filed post-trial
 motions, all before seeking ruling on personal
 jurisdiction defense); Continental, 10 F.3d at 1297
 (personal jurisdiction defense waived where
 defendants participated in lengthy discovery, filed
 various motions, and opposed a number of plaintiff's
 motions, before submitting Rule 12(b)(2) issue to
 court); Plunkett, 409 F. Supp. 2d at 41–42 (deeming
 personal jurisdiction defense abandoned where
 defendant participated in scheduling conference,
 conducted discovery, consented to ADR, entered into
 discovery-related stipulation and protective order,
 and petitioned for pro hac vice status for non-local
 counsel); but see Brokerwood, [104 Fed. App'x 376]
 (personal jurisdiction defense not waived where case
 was dormant during most of its pendency; where
 defendant's litigation conduct had been limited to
 participating in scheduling conference, filing
 initial disclosures, filing motion to strike jury
 demand, and filing interrogatories, document
 requests and witness list; and where defendant had
 neither filed counterclaims nor sought adjudication
 on merits of any claim); Sunlight Saunas, at 1015
 (defendants did not actively participate in
 litigation to extent of waiving right to challenge
 personal jurisdiction where their activities were
 limited to serving initial disclosures, attending
 pretrial conference, and joining in motion to
 strike).

 _______________

 "3This result is dictated by Rule 12(h)(1), Fed.
 R. Civ. P., which provides that a personal
 jurisdiction defense is waived if it is neither
 consolidated with any other defenses presented in a

 31
1130184, 1130231

 Rule 12 motion nor recited in a motion to dismiss or
 other responsive pleading.

 "4In this respect, Rule 12(h) merely sets the
 outer limits of waiver, without precluding waiver by
 implication. Indeed, '[a]sserting a jurisdictional
 defect in the answer did not preserve the defense in
 perpetuity. This defense may be lost by failure to
 assert it seasonably, by formal submission in a
 cause, or by submission through conduct.' Yeldell
 v. Tutt, 913 F.2d 533, 539 (8th Cir. 1990) (internal
 citations and quotations omitted). On this point, it
 does not suffice to comport with the letter of Rule
 12(h); rather, litigants must adhere to its spirit
 by pursuing a personal jurisdiction defense in a
 reasonably prompt fashion 'to expedite and simplify
 proceedings in the Federal Courts.' Id.; see also
 Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1297
 (7th Cir. 1993) (similar). If a defendant fails to
 do so, then he may be found to have waived his
 personal jurisdiction defense, notwithstanding its
 inclusion in a responsive pleading.

 "5One apparent aberration to this pattern is
 Datskow v. Teledyne, Inc., 899 F.2d 1298 (2nd Cir.
 1990), wherein the Second Circuit classified a
 four[]-month delay in challenging personal
 jurisdiction as a waiver of the defense. In so
 ruling, however, the Datskow court took pains to
 point out that the motion to dismiss in that case
 contested personal jurisdiction on the basis of
 defective service, not lack of long-arm
 jurisdiction. An important caveat to the Datskow
 holding was that 'this is not a case where a
 defendant is contesting personal jurisdiction on the
 ground that longarm jurisdiction is not available.'
 Id. at 1303. Datskow strongly implied that a
 four-month delay would be insufficient to create a
 waiver in a long-arm circumstance, opining that it
 'would be slower to find waiver by a defendant
 wishing to contest whether it was obliged to defend
 in a distant court.' Id.; see also Hamilton, 197
 F.3d at 60 (indicating that Datskow contemplated

 32
1130184, 1130231

 'enhanced caution' in treatment of waiver issue
 where defense challenges jurisdiction under state's
 long-arm statute). Thus, far from being an outlier,
 Datskow may be neatly harmonized with the foregoing
 spectrum of authorities on the temporal criterion.

 "6The two factors are, of course, logically
 intertwined. As one court explained, 'the time
 period provides the context in which to assess the
 significance of the defendant's conduct, both the
 litigation activity that occurred and the
 opportunities to litigate the jurisdictional issue
 that were forgone.' Hamilton, 197 F.3d at 61."

Matthews, 431 F. Supp. 2d at 1223-25 (S.D. Ala. 2006).

 Applying the foregoing principles, and comparing the

facts and results achieved in the many cases described above

with the facts of this case, I simply cannot justify a

conclusion that the defendants did not "seasonably" assert

their Rule 12(b)(2) defense of lack of personal jurisdiction.

I see no more "substantial participation" in the litigation

process by the defendants in the steps taken by the defendants

in this case, particularly in the compressed time frame in

which they were take, than, for example, occurred in Matthews

(rejecting the waiver argument where the defendant delayed

four months in bringing motion to dismiss, after first raising

defense in its answer, when in the interim it filed required

documents and discovery responses and joined in plaintiff's

request to extend time for its deposition).

 33
1130184, 1130231

 In a recent case that is consistent with the foregoing

authority, Gerber v. Riordan, 649 F.3d 514 (6th Cir. 2011),

the United States Court of Appeals for the Sixth Circuit held

as follows:

 "In deciding whether Defendants waived their
 personal jurisdiction defense, we must determine
 whether any of Defendants' appearances and filings
 in the district court constituted 'legal submission
 to the jurisdiction of the court.' Days Inns
 [Worldwide v. Patel], 445 F.3d [899] at 905 [(6th
 Cir. 2006)]. As an initial matter, we note that
 while 'the voluntary use of certain [district] court
 procedures' serve as 'constructive consent to the
 personal jurisdiction of the [district] court,'
 [Insurance Corp. of Ireland, Ltd. v.] Compagnie des
 Bauxites de Guinee, 456 U.S. [694] at 704, 102 S.Ct.
 2099 [(1982)], not all do. See Mobile
 Anesthesiologists Chicago, LLC v. Anesthesia
 Associates of Houston Metroplex, P.A., 623 F.3d 440,
 443 (7th Cir. 2010). Only those submissions,
 appearances and filings that give '[P]laintiff a
 reasonable expectation that [Defendants] will defend
 the suit on the merits or must cause the court to go
 to some effort that would be wasted if personal
 jurisdiction is later found lacking,' id. at 443,
 result in waiver of a personal jurisdiction
 defense."

649 F.3d at 519 (emphasis added). Given the timing and

content of the filings made by the defendants in this case, I

am clear to the conclusion that those filings do not satisfy

the above-quoted standard.

 In his special concurrence, however, Justice Lyons posits

that Gerber actually supports the view that the defendants

 34
1130184, 1130231

waived their defense of lack of in personam jurisdiction.

Gerber states two circumstances that could have such effect.

The first is the filing by the defendants of a "submission[],

appearance[] [or] filing[] that give[s] '[P]laintiff a

reasonable expectation that [Defendants] will defend the suit

on the merits." 649 F.3d at 519. From the outset, however,

the defendants made it clear that it was their position that

the trial court lacked in personam jurisdiction and that they

would promptly pursue this defense (which they did). The

defendants' filings could not reasonably have led the

plaintiff to believe that the defendants acquiesced to the

trial court as a proper forum for the litigation of the

plaintiff's action.

 The second circumstance stated in Gerber that can give

rise to a waiver -- and the circumstance highlighted by

Justice Lyons in his special concurrence -- also is not

present. For the reasons stated above, the filings by the

defendants did not put the trial court in a position where it

became necessary for it to make a ruling that would be wasted

in the event jurisdiction was later found lacking. Moreover,

the second prong of Gerber specifically states that the filing

of the defendant actually "'must cause the court to go to some

 35
1130184, 1130231

effort'" before a ruling on a motion to dismiss for lack of

personal jurisdiction "'that would be wasted if personal

jurisdiction is later found lacking.'" 649 F.3d at 519

(quoting Mobile Anesthesiologists Chicago, LLC v. Anesthesia

Assocs. of Houston Metroplex, P.A., 623 F.3d 440, 443 (7th

Cir. 2010) (emphasis added)). Here, it is undisputed that the

defendants did not cause the court to go to any such effort,

and, in point of fact, the trial court did not go to such

effort. Again, from the very outset, the defendants advised

the trial court that they promptly would pursue, and they

promptly did pursue, a defense of lack of in personam

jurisdiction. In accord with that "advisement," the trial

court withheld going to any effort to rule on the defendants'

motion to compel arbitration until it also ruled on the

defendants' motions to dismiss for lack of jurisdiction. The

requirement that the defendants actually cause the trial court

to go to some effort prior to a later ruling on a motion to

dismiss for lack of in personam jurisdiction simply is not met

in this case. Thus, in addition to all the other cases cited

above, Gerber supports the conclusion that the defendants did

not waive their defense of lack of personal jurisdiction.

 36
1130184, 1130231

 Because I do not believe the defense of lack of in

personam jurisdiction was waived in this case, I respectfully

dissent.

 Bolin, J., concurs.

 37