PARKER, Justice
(dissenting).
It is well established that a party may waive its right to pursue a defense of lack of personal jurisdiction.
*1146 “In the typical waiver scenario, a personal jurisdiction defense is abandoned when a defendant fails to raise the issue in either a responsive pleading or a Rule 12[, Fed.R.Civ.P.,] motion. See Stubbs [v. Wyndham Nassau Resort & Crystal Palace Casino], 447 F.3d 1357, 1364 [ (11th Cir.2006) ]; Palmer v. Braun, 376 F.3d 1254, 1259 (11th Cir.2004) (explaining that defendant waives personal jurisdiction defense by not interposing it in responsive pleading or motion, to dismiss); Posner v. Essex Ins. Co., 178 F.3d 1209, 1213, n. 4 (11th Cir.1999) (‘By omitting this defense from its motion, Essex waived any challenge it could have asserted to the court’s exercise of personal jurisdiction over it.’). However, personal jurisdiction may also be waived, even if a defendant has nominally preserved the defense by reciting it in an answer, if that defendant substantially participates in the litigation without actively pursuing its Rule 12(b)(2)[, Fed. R.Civ.P.,] defense.... ”
Matthews v. Brookstone Stores, Inc., 431 F.Supp.2d 1219, 1223 (S.D.Ala.2006) (footnote omitted; emphasis added). In determining whether a party has so waived the personal-jurisdiction defense,
“courts pay close attention to the length of time that elapses between service of process and a defendant’s pursuit of a personal jurisdiction defense via a Rule 12(b)(2)[, Fed.R.Civ.P.,] motion. The longer the time interval, the more likely it is that courts will find a waiver. See Hamilton [v. Atlas Turner, Inc.], 197 F.3d 58,] 62 [ (2d Cir.1999) ](determining that defendant forfeited personal jurisdiction defense by failing to raise it for four years after inclusion of defense in answer); Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir.1993) (finding waiver where defendants did not actively contest personal jurisdiction for more than two and a half years after listing the defense in their answer); Hunger [United States Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co., 203 F.3d 835 (10th Cir.2000)(unpublished decision) ](defendant waived personal jurisdiction defense by waiting more than three years to file motion to dismiss on that basis, after first timely raising the defense in its answer); Plunkett v. Valhalla Investment Services, Inc., 409 F.Supp.2d 39, 41-42 (D.Mass.2006) (finding that defendants abandoned personal jurisdiction defense by referencing it in their answer, then waiting 13 months before litigating the defense); Schwartz v. M/V GULF SUPPLIER, 116 F.Supp.2d 831, 835 (S.D.Tex.2000) (deeming waiver to have occurred where defendant listed personal jurisdiction defense in answer, then failed to file motion to dismiss until eve of trial, some nine months after action commenced)....”
Matthews, 431 F.Supp.2d at 1224. Here, General Motors of Canada, Ltd., asserted the defense of lack of personal jurisdiction in its answer filed on August 12, 2009. It was not until July 10, 2012, almost three years later, that General Motors of Canada further pursued this defense by filing a motion for a hearing on the issue of personal jurisdiction. I believe that this failure to litigate the defense of lack of personal jurisdiction for nearly three years constitutes a waiver of the defense. Therefore, I respectfully dissent.